Gayle CRAFT, Appellant,

v.

FREEPORT OIL COMPANY, a Division of Freeport Minerals Company, Appellee.

No. 8866.

Court of Civil Appeals of Texas, Amarillo.

March 13, 1978.

Lynch, Chappell, Allday & Aldridge, Randall Lundy and Tom C. McCall, Midland, for appellant.

Stubbeman, McRae, Sealy, Laughlin & Browder, W. B. Browder, Jr., Rodney W. Satterwhite, Richard E. Booth, Midland, for appellee.

REYNOLDS, Justice.

Gayle Craft, owner of the surface of a tract of Yoakum County land covered by an oil, gas and mineral lease owned by Freeport Oil Company, a division of Freeport Minerals Company, appeals from an order granting a temporary injunction restraining him from interfering with Freeport's right of ingress and egress and operations on the land. We affirm.

Freeport's lease covers the W/2 of Section 649, Block D, John H. Gibson Survey, Yoakum County, Texas. Craft owns the surface of the portion of the NW/4 of that section lying north of State Highway No. 337 (formerly F. M. Road No. 1077). Alleging Craft's interference with its operations under its lease, Freeport initiated this action for a permanent injunction, preliminarily seeking and obtaining a temporary restraining order and the temporary injunction.

The temporary injunction issued upon findings that Freeport had a probable right to injunctive relief and would suffer immediate and irreparable injury unless the temporary injunctive relief was granted. Craft charges the trial court with an abuse of discretion in granting the temporary injunction, asserting that Freeport failed to demonstrate either a right to injunctive relief or an irreparable injury in the absence of the injunction.

The ultimate question of whether the court clearly abused its discretion is answered by the state of the evidence. There is no abuse of discretion if Freeport presented evidence tending to prove a probable right to a permanent injunction on a final hearing and a probable injury in the interim. *Oil Field Haulers Association, Inc. v. Railroad Commission of Texas*, 381 S.W.2d 183, 191–92 (Tex.1964).

Freeport documented, and Craft does not challenge, its oil, gas and mineral lease. Freeport contracted with a driller to go upon the land whose surface was owned by Craft and engage in a secondary recovery program. Charles H. Jeanfrau, Freeport's land manager, testified that Craft refused entry onto the land, saying, "[N]o, you will just have to get your Temporary Restraining order, because I am not going to let you move in." After the temporary restraining order was issued, Craft would not permit entry until he had been served.

■ A grant of minerals carries with it, as a necessary appurtenance thereto, the right to use so much of the surface as may be necessary to enforce and enjoy the mineral estate; otherwise, the mineral estate would be wholly worthless if grantee could not enter upon the land in order to explore for and extract the minerals granted. *Harris v. Currie*, 142 Tex. 93, 176 S.W.2d 302, 305 (1943). The lease evinces Freeport's right to go upon the land to perform its operations without interference from Craft, *Garcia v. Sun Oil Company*, 300 S.W.2d 724, 736 (Tex.Civ.App.—Beaumont 1957, writ ref'd n. r. e.), and the right will be protected

by injunction. *Stanolind Oil & Gas Co. v. Wimberly,* 181 S.W.2d 942, 944 (Tex.Civ. App.—El Paso 1944, no writ).

Additionally, there is testimony that time was critical to Freeport's operations. Jeanfrau assumed that Craft could have responded in damages for the day rate of approximately $1,800 Freeport was contractually obligated to pay its driller for downtime; but, he further testified that Freeport incurred a penalty if the drilling contract were cancelled and that, because the pressure was declining, the longer the wait to commence operations, the less recovery, the measurement of which Jeanfrau did not know.

 An injury which cannot be measured by any certain pecuniary standard may be prevented by injunctive relief. 6 L. Lowe, Remedies § 114, at 159 (2d ed. 1973). Moreover, serious interference with the free exercise of the unchallenged right to the use of one's property destroys, to the extent of the interference, the property itself. *Dallas Land & Loan Co. v. Garrett,* 276 S.W. 471, 474 (Tex.Civ.App.—Dallas 1925, no writ). And conduct which results in the destruction of property causes an irreparable injury which justifies interlocutory injunctive relief. *Speedman Oil Co. v. Duval County Ranch Co., Inc.,* 504 S.W.2d 923, 929 (Tex.Civ.App.—San Antonio 1973, writ ref'd n. r. e.). *Cf. Hastings Oil Co. v. Texas Co.,* 149 Tex. 416, 234 S.W.2d 389, 398 (1950), where conduct causing the immediate destruction of minerals was held to constitute an irreparable injury and was quickly enjoined.

 The order granting the temporary injunction may be reversed only if the trial court clearly abused its discretion. *Sun Oil Company v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968). Because the trial court was entitled to credit the evidence tending to prove a probable right to a permanent injunction on a final hearing and a probable injury in the interim, there was no clear abuse of discretion in granting the temporary injunction. Accordingly, all of Craft's points of error are overruled.

The judgment is affirmed.