**Harrell Z. BROWNING and South Bay Corporation, Appellants,**

v.

**MELLON EXPLORATION COMPANY, Appellee.**

**No. 04–82–00111–CV.**

Court of Appeals of Texas, San Antonio.

June 23, 1982.

Rehearing Denied July 19, 1982.

James R. Harris, Corpus Christi, for appellants.

Norman J. Riedmueller, Houston, for appellee.

Before KLINGEMAN, BUTTS and CLARK, JJ.

## OPINION

KLINGEMAN, Justice.

This appeal challenges the validity of a temporary injunction which enjoins the appellants, Harrell Z. Browning and South Bay Corporation, " ... from interfering in any way with any drilling operations of [Appellee] Mellon Exploration Company on the land [in question], including operations in connection with the Vick No. 1 Richmond Harper (API No. 42–323–30211) well located thereon."

Prior to December 22, 1980, M. E. Gary was the sole owner of the land in question. Included on the land was the well entitled the Vick No. 1 Richmond Harper (API No. 42–323–30211) well. On December 22, 1980, appellee leased this land from Gary. The lease specifically included the well in question by means of the following description

Including the Vick No. 1 Richmond Harper (API No. 42–323–30211) well situated on said land, and all casing, pipe, equipment and other appurtenances on or relating thereto.

Thereafter, on April 16, 1981, Gary conveyed the surface estate of this land to appellants by a deed which expressly reserved "all of the mineral estate ... together with the right of ingress and egress." The deed was made subject to "all oil, gas and mineral leases ... previously executed."

In the fall of 1981 appellee began making plans to reenter the abandoned well. William Parmeter, a representative of appellee, having learned of appellants' subsequent acquisition of the surface estate, contacted appellant Browning to discuss appellee's future plans to explore this land. Browning told Parmeter to deal with appellant James R. Harris, Browning's law partner and president of appellant South Bay Corporation.

The evidence shows that Harris continually challenged appellee's right to use the Vick No. 1 Richmond Harper well. Harris and James Decker, appellee's legal representative, exchanged a series of three telephone calls during which Harris consistently denied appellee's right to use the abandoned well. Harris also wrote a letter dated October 19, 1981, in which he denied appellee's right to enter the abandoned well, advised appellee of plans to use the abandoned holes on the property for water wells, and submitted that the alleged rights of appellants must be honored by appellee. Thereafter, Harris stated in the letter

that we [appellants] will cooperate fully with your efforts to commence such exploration as long as it does not require the use of any old holes, which we claim you have no right to enter or use.

Further, Harris requested that appellee comply with five conditions, including a thirty-day notice provision, prior to beginning exploratory efforts on the land. Relying upon these facts, appellee asserted that the totality of appellants' conduct effectively interfered with their exploratory operations. In reply to this contention, the appellant maintained that they had no intention of physically interfering with appellee's plans to explore the land.

■ Appellants complain in their first and second points of error that the trial court abused its discretion in granting the temporary injunction for the reason that there is no evidence to support a finding that the appellants have at any time interfered with or posed any immediate threat of interference to appellee's right of access to or use of the well in question or with appellee's general operation under its lease.

This court pointed out in *Speedman Oil Co. v. Duval County Ranch Co.,* 504 S.W.2d 923 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.), that in order to justify the granting of a temporary injunction it is only necessary that the applicant

> ... plead a cause of action and present testimony showing a probable right to the relief he ultimately seeks and that, if defendant is not restrained, plaintiff will suffer probable injury in the interim. *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216 (Tex.1968). Present a showing of probable right and probable injury, the trial court, according to *Whitaker,* is clothed with broad discretion in determining whether to grant a temporary injunction, and its actions will be set aside only if the reviewing court is convinced that the trial judge's action represents a clear abuse of discretion.

*Id.* at 928. Applying this rationale in determining appellants' no evidence points of error we must review the entire record to determine whether the trial court clearly abused its discretion in granting the temporary injunction.

Although appellants attempt to distinguish the facts in *Craft v. Freeport Oil Co.,* 563 S.W.2d 866 (Tex.Civ.App.—Amarillo 1978, no writ), which affirmed the granting of a temporary injunction, we believe the situation is analogous. In *Craft,* the owner of the surface estate appealed from an order granting a temporary injunction restraining him from interfering with the mineral owner's right of ingress and egress and operations on the land. As in the case at bar, the ultimate issue was whether the trial court abused its discretion in granting the temporary injunction. To justify the granting of the temporary injunction there was testimony by Freeport's land manager

> that Craft refused entry onto the land, saying, "No, you will just have to get your Temporary Restraining order, because I am not going to let you move in."

*Id.* at 867. Appellants assert that there simply was no evidence of any such recalcitrant conduct on behalf of the appellants in the case at bar. We disagree.

In addition to Decker's testimony that during a telephone conference on October 20, 1981, Harris as attorney for appellants demanded that appellee not reenter the Vick Number 1, the letter written by Harris dated October 19, 1981, indicates that appellants would cooperate with appellee's exploration operation only "as long as it does not require the use of any old holes." Therefore, notwithstanding appellants' representations "that it was not ever our intent to prevent their entry through force or interference, nor will it ever be our intent to prevent their entry through force or interference," there was evidence demonstrating that appellants did not intend to cooperate with appellee's exploration operations if it included the use of the abandoned well in question. Therefore, appellants' argument that there was no evidence to support the granting of a temporary injunction is without merit. Points of error one and two are overruled.

Appellants' third point of error alleges that the trial court abused its discretion in granting a temporary injunction for the reason that there is no showing of probable right to reenter the well described in the injunction as the Vick No. 1 Richmond Harper (API No. 42–323–30211) well for the reason that there was no evidence as to the location of that well which would satisfy the Statute of Frauds and appellee has therefore failed to establish a probable right to reenter the same.

The merits of the underlying controversy may not be presented for review in an appeal from an order granting a temporary injunction. *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978). Therefore, whether there was evidence as to the location of the well which would satisfy the Statute of Frauds, Tex.Rev.Civ.Stat.Ann. art. 1288 (Vernon 1980), is a question which underlies the merits of this case and may not be considered in this appeal. We note, however, that at no time during the hearing on the temporary injunction did the parties question the location of the Vick No. 1 Richmond Harper (API No. 42–323–30211) well. In fact, although there were references made to

abandoned holes and old holes located on the land in question, there appears to be no disagreement as to which abandoned hole constitutes the Vick No. 1 Richmond Harper (API No. 42–323–30211) well. Appellants' third point of error is overruled.

■ Appellants complain in their fourth point of error that the temporary injunction fails to comply with Tex.R.Civ.P. 683 in that it does not contain any recitations of its reasons for its issuance as required by Rule 683, in that it fails to find that there is an imminent danger of irreparable damage to the appellee unless said temporary injunction is granted.

The Texas Supreme Court in *Transport Co. v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953), interpreted Tex.R. Civ.P. 683 to require

> ... only that the order set forth the reasons why the court deems it proper to issue the writ to prevent injury to the applicant in the interim; that is, the reasons why the court believes the applicant's probable right will be endangered if the writ does not issue.

*Id.* at 553. In the case at bar the trial court's order contained an express finding that appellee is the exclusive owner of the oil, gas and mineral lease on the land in question as well as Vick No. 1 Richmond Harper (API No. 42–323–30211) well situated thereon and that the freedom to use this well is of significant value to appellee. The trial court also found that appellants have substantially interfered with appellee's right of access to and use of the well and with appellee's operation under the lease generally by means of oral and written acts which have effectively denied appellee the use of its property thus destroying, to the extent of such interference, appellee's property interest. As a result, appellee's injury is irreparable and subject to no adequate remedy at law. Having set out these reasons for granting the temporary injunction we deem that the trial court sufficiently complied with the requirements of Rule 683 as interpreted in *Transport Co. v. Robertson Transports, id.* Appellants' fourth point of error is overruled.

■ Appellants' fifth point of error states that the temporary injunction is void on its face in that it is too broad in its scope and fails to describe in reasonable detail the act or acts sought to be restrained. In *Ex parte Brown*, 543 S.W.2d 82 (Tex.1976), the appellant challenged the validity of an injunctive order "which enjoined 'taking any steps whatsoever to consolidate the captioned cause into' the 58th District Court" because it was vague and uncertain. The Supreme Court set out the requirement that " 'the decree must spell out the details of compliance in clear, specific and unambiguous terms,' " *id.* at 86 (citing *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967)), and then held that the injunction clearly prohibited the complained of act. Just as the Supreme Court in *Brown* refused to find such an order void for vagueness we find that the order in the case at bar which enjoins appellants "from interfering in any way with any drilling operations" of appellee is not too broad in its scope and does sufficiently advise appellants that any act which interferes with appellee's drilling operation is enjoined. Appellants' fifth point of error is overruled.

■ Appellants' sixth point of error alleges that the trial court erred in granting a temporary injunction upon pleadings which are insufficient as a matter of law to warrant the issuance of an injunction. Specifically, appellants complain that appellee failed to plead a probable injury. We need not address the merits of this contention because appellants did not file special exceptions in the trial court. As a result, pursuant to Tex.R.Civ.P. 90 the alleged defect in the petition has been waived and cannot be raised for the first time on appeal. *See McGowan v. Pasol*, 605 S.W.2d 728 (Tex.Civ.App.—Corpus Christi 1980, no writ). Appellant's sixth point of error is overruled.

The order of the trial court granting temporary injunction is affirmed.