

NUMBER 13-10-00229-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CITY OF CORPUS CHRISTI,                               **Appellant,**

**v.**

FRIENDS OF THE COLISEUM,                             **Appellee.**

## On appeal from the County Court at Law No. 4
## of Nueces County, Texas

# O P I N I O N

## Before Justices Yañez, Rodriguez, and Garza
## Opinion by Justice Garza

Appellant, the City of Corpus Christi (the "City"), appeals the trial court's temporary injunction restraining the City from demolishing the Corpus Christi Memorial Coliseum (the "Coliseum"). By a single issue, the City argues that the trial court's order granting the temporary injunction fails to meet the requirements of Texas Rule of Civil Procedure 683. *See* TEX. R. CIV. P. 683. We reverse and remand.

### I. BACKGROUND

The Coliseum, constructed in 1954, is a public arena owned by the City and dedicated as a memorial to the residents of Nueces County who died during World War II. At the time it was built, the Coliseum was architecturally significant because of its unsupported 224-foot steel roof. For many years, the Coliseum hosted various sports,

performing arts, and community events. In recent decades, however, the building has fallen into disrepair. The City, unwilling or unable to refurbish or repurpose the Coliseum, decided to demolish it. In response, a group of citizens formed a non-profit organization called Friends of the Coliseum ("Friends") in an effort to preserve the building.

Friends, appellees in the instant case, filed suit in Travis County to enjoin the City from demolishing the Coliseum. Friends obtained a temporary restraining order from the Travis County court, and the court then transferred the matter to Nueces County pursuant to the City's request.[1] On or about April 5, 2010, Friends filed an application for temporary and permanent injunctive relief with the trial court. In its application, Friends argued that it was entitled to equitable injunctive relief and that the City's various acts and omissions violated certain statutes, including chapter 442 of the Texas Government Code and chapter 191 of the Texas Natural Resources Code. *See* TEX. GOV'T CODE ANN. § 442.001-.075 (Vernon Supp. 2009) (establishing the Texas Historical Commission); TEX. NAT. RES. CODE ANN. § 191.001-.174 (Vernon Supp. 2009) (the Texas Antiquities Code).

After a hearing, the trial court granted the temporary injunction and rendered an order enjoining the City from "directly or indirectly taking any actions to demolish or cause the demolition" of the Coliseum and setting a trial date of January 10, 2011. The order also stated the following:

> [T]he Court finds and concludes that Friends . . . [is] entitled to the preservation of the status quo pending trial on the merits.
>
> The Court finds and concludes that unless the City . . . is immediately enjoined, said City will take action to demolish the Memorial Coliseum . . . prior to a final hearing of this cause.
>
> The Court finds that the demolition of said Memorial Coliseum will cause immediate and irreparable harm to Friends . . . and that Friends . . . would have no adequate remedy at law.

This accelerated interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. §

---

[1] The American G.I. Forum ("A.G.I.F."), a veterans' organization, was also named as a plaintiff in the Travis County and Nueces County suits. According to the City, A.G.I.F. intends to non-suit its claims against the City. In any event, A.G.I.F. is not a party to this appeal.

51.014(a)(4) (Vernon 2008); T&#x1D07;x. R. C&#x1D0F;v. P. 28.1(a).[2]

## II. D&#x1D07;scuss&#x1D0F;on

Rule 683 of the Texas Rules of Civil Procedure states that every order granting an injunction must "set forth the reasons for its issuance" and "be specific in its terms." T&#x1D07;x. R. C&#x1D0F;v. P. 683. That is, the order must provide a "detailed explanation of the reason for the injunction's issuance." *Adust Video v. Nueces County*, 996 S.W.2d 245, 249 (Tex. App.–Corpus Christi 1999, no pet.). This requirement is mandatory and must be strictly followed. *InterFirst Bank San Felipe, N.A. v. Paz Const. Co.*, 715 S.W.2d 640, 641 (Tex. 1986); *Monsanto Co. v. Davis*, 25 S.W.3d 773, 788 (Tex. App.–Waco 2000, pet. denied); *Big D Props., Inc. v. Foster*, 2 S.W.3d 21, 22-23 (Tex. App.–Fort Worth 1999, no pet.). If an order fails to comply with these requirements, it is void and should be dissolved. *InterFirst Bank*, 715 S.W.2d at 641; *Monsanto Co.*, 25 S.W.3d at 788.

When a temporary injunction is based in part on a showing that the applicant would suffer irreparable harm if the injunction is not issued, Rule 683 requires the order to state precisely *why* the applicant would suffer irreparable harm. *See Monsanto Co.*, 25 S.W.3d at 788 (finding a temporary injunction order to be void under Rule 683 because it stated only that plaintiffs "will suffer probable injury in the event that such writ of temporary injunction is not issued"); *Byrd Ranch, Inc. v. Interwest Sav. Assoc.*, 717 S.W.2d 452, 453-55 (Tex. App.–Fort Worth 1986, no writ) (same where order stated only that plaintiff "will suffer irreparable harm for which it has no adequate remedy at law"); *Univ. Interscholastic League v. Torres*, 616 S.W.2d 355, 358 (Tex. Civ. App.–San Antonio 1981, no writ) ("Even though there were allegations in the appellee's petition for injunction which may have justified the issuance of the writ, the mere recital of 'no adequate remedy at law' and 'irreparable harm' in the order lacks the specificity required by Rule 683."); *Gen. Homes,*

---

[2] On April 23, 2010, we granted in part the City's "Motion for Immediate Submission and Decision (Without Briefs) in Accelerated Appeal" and allowed the case to be submitted without briefs and on the original papers forwarded by the trial court, or on sworn and uncontroverted copies of those papers. *See* T&#x1D07;x. R. A&#x1D18;&#x1D18;. P. 28.1(e). We ordered Friends to file any response related to the merits of the appeal; Friends did so on May 3, 2010. Friends also filed uncontroverted, sworn copies of various documents appearing in the trial court record. Our opinion herein is based solely on the City's motion, Friends's response, and the uncontroverted record as provided by Friends. *See id.*

*Inc. v. Wingate Civic Assoc.*, 616 S.W.2d 351, 353 (Tex. Civ. App.–Houston [14th Dist.] 1981, no writ) (finding that a temporary injunction order did not satisfy Rule 683 "because it only states the trial court's conclusion that immediate and irreparable harm will result if the injunction is not granted, with no specific reasons supporting the conclusion"); *Stoner v. Thompson*, 553 S.W.2d 150, 151 (Tex. Civ. App.–Houston [1st Dist.] 1977, writ ref'd n.r.e.) (finding a temporary injunction order insufficient under Rule 683 and noting that "[t]he conclusion [in the order] that the situation is harmful [to the plaintiff] is not a reason why injury will be suffered if the interlocutory relief is not ordered"); *see also Cornelison v. Offshore Entm't Corp.*, No. 13-02-00452-CV, 2002 Tex. App. LEXIS 8618, at *4-5 (Tex. App.–Corpus Christi Dec. 5, 2002, no pet.) (not designated for publication) (finding a temporary injunction order void under Rule 683 where order stated only that "[t]he Court finds that immediate and irreparable injury, loss or damage as alleged will result to plaintiff unless Defendant is forthwith restrained as requested").

Here, the trial court merely stated in its order that "the demolition of said Memorial Coliseum will cause immediate and irreparable harm to Friends." The City contends that the order therefore fails to comply with Rule 683 and should be declared void. Friends raises two arguments in response. First, it argues that the order satisfies Rule 683's specificity requirement by stating that "unless the City . . . is immediately enjoined, said City will take action to demolish the Memorial Coliseum." According to Friends, this statement was sufficient to establish a "reason" for the issuance of the temporary injunction because, in general, "conduct which results in the destruction of property causes an irreparable injury which justifies interlocutory injunctive relief." *Craft v. Freeport Oil Co.*, 563 S.W.2d 866, 868 (Tex. Civ. App.–Amarillo 1978, no writ) (citing *Speedman Oil Co. v. Duval County Ranch Co.*, 504 S.W.2d 923, 929 (Tex. Civ. App.–San Antonio 1973, writ ref'd n.r.e.)). We disagree. The cases cited by Friends are inapposite because they involved injunction applicants that actually *owned* the property threatened with destruction. *See Craft*, 563 S.W.2d at 687; *Speedman Oil Co.*, 504 S.W2d at 925. Friends does not have any ownership interest in the Coliseum; accordingly, the mere recitation that the Coliseum

4

would be demolished in the absence of an injunction is not sufficient to establish a "reason" for the injunction's issuance as required under Rule 683.

Friends's second argument is that a showing of irreparable harm was unnecessary to obtain an injunction in this case—and the order's lack of specificity as to why irreparable harm would be suffered therefore does not offend Rule 683—because the injunction was granted pursuant to specific statutory authorization. *See* TEX. GOV'T CODE ANN. § 442.012(a) ("The attorney general or any resident of this state may file suit in district court to restrain and enjoin a violation or threatened violation of this chapter or Chapter 191, Natural Resources Code . . . ."); TEX. NAT. RES. CODE ANN. § 191.173(a) ("A citizen of the State of Texas may bring an action in any court of competent jurisdiction for restraining orders and injunctive relief to restrain and enjoin violations or threatened violations of this chapter . . . ."). Friends is correct that the equitable requirements for obtaining an injunction—such as the requirement that an applicant show it would suffer irreparable harm if the injunction is not issued—are inapplicable when a right to injunctive relief is granted specifically by statute. *Town of Palm Valley v. Johnson*, 17 S.W.3d 281, 286 (Tex. App.–Corpus Christi 2000, pet. denied) (en banc) (showing of irreparable injury not required where injunction authorized by section 65.015 of the civil practice and remedies code); *West v. State*, 212 S.W.3d 513, 519 (same where injunction authorized by Texas Deceptive Trade Practices Act); *cf. Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002) ("The general rule at equity is that before injunctive relief can be obtained, it must appear that there does not exist an adequate remedy at law. This limitation, however, has no application where the right to relief is predicated on a statutory ground other than on the general principles of equity."); *State v. Tex. Pet Foods, Inc.*, 591 S.W.2d 800, 805 (Tex. 1979) ("The doctrine of balancing the equities has no application to this statutorily authorized injunctive relief."). However, the order in the instant case does not state that the temporary injunction was issued pursuant to statutory authority, nor does it state what violations or threatened violations of statutory law purportedly justified injunctive relief

5

under those statutes.[3]  *See* TEX. GOV'T CODE ANN. § 442.012(a); TEX. NAT. RES. CODE ANN. § 191.173(a).  Therefore, even if we were to assume that injunctive relief was in fact granted pursuant to specific statutory authorization, we cannot say that the order sets forth a "detailed explanation of the reason for the injunction's issuance."  *Adust Video*, 996 S.W.2d at 249.

We conclude that the trial court's order granting the temporary injunction requested by Friends fails to comply with the specificity requirements of Rule 683.  *See* TEX. R. CIV. P. 683.  Accordingly, it is void and of no effect.  *See InterFirst Bank*, 715 S.W.2d at 641; *Monsanto Co.*, 25 S.W.3d at 788.  The City's issue is sustained.

## III. CONCLUSION

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
6th day of May, 2010.

---

[3] We note that, at present, the Coliseum is not designated as a state landmark entitled to protection under the Texas Antiquities Code.  *See* TEX. NAT. RES. CODE ANN. § 191.093 (Vernon 2001) (stating that landmarks designated under the antiquities code may not be altered or destroyed without permission from the Texas Historical Commission).  Moreover, although Friends included with its injunction application a letter from the executive director of the Texas Historical Commission stating that the Coliseum is "eligible for listing in the National Register of Historic Places," it did not allege that the Texas Historical Commission has instituted proceedings to determine whether the Coliseum is a state landmark.  *See id.* § 191.098(b) (Vernon 2001) (stating that, if the Texas Historical Commission "institutes proceedings" to determine whether a building is a state landmark, a state agency must obtain permission from the Commission prior to beginning alteration or demolition of the building).