

## NUMBER 13-12-00729-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**FRIENDS OF THE COLISEUM,
GEORGE E. CLOWER, AKBAR ABBA,
GERALD SANSING, BRUCE OLSON,
AND LILLIAN WALDBESER,**                                    **Appellants,**

**v.**

**CITY OF CORPUS CHRISTI,**                                    **Appellee.**

---

On appeal from the 94th District Court
of Nueces County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Benavides**

This is an appeal from an order granting a motion for summary judgment related

to the release of a $30,000 temporary injunction bond posted by appellants, Friends of

the Coliseum et al.,[1] ("Friends"), in favor of appellee, the City of Corpus Christi ("the City"). We reverse and remand.

## I. BACKGROUND

In 2010, the City opted to demolish the Memorial Coliseum ("the Coliseum"), a municipal arena which, according to the City's pleadings, had "fallen into a state of disrepair and was no longer used for any municipal purpose." The City scheduled demolition to begin on March 15, 2010. On March 12, 2010, Friends filed an original petition and application for a temporary restraining order and permanent injunction in Travis County to prevent the City from proceeding with the demolition. The City is and the Coliseum was located in Nueces County. After the City filed a motion to transfer venue from Travis County to Nueces County, Friends dismissed the action, but joined a similar lawsuit against the City that was pending in Nueces County.

On April 8, 2010, the trial court granted Friends' request for a temporary injunction against the City regarding the demolition of the Coliseum. Additionally, the trial court ordered that Friends execute and file a $30,000 temporary injunction bond with the clerk of the court. *See* TEX. R. CIV. P. 684. The bond states that Friends "will abide by the decision that may be made in this cause and that Friends will pay all amounts of money and costs that may be adjudged against [them] if the temporary injunction ordered in this cause is dissolved in whole or in part." *See id.* The City then appealed the granting of the temporary injunction.

---

[1] The remaining appellants are: George E. Clower, Akbar Abba, Gerald Sansing, Bruce Olson, and Lillian S. Waldbeser. For purposes of this opinion, we will refer to all of the appellants as "Friends," unless otherwise stated.

2

On May 6, 2010, this Court held that the trial court's order granting the temporary injunction failed to comply with the specificity requirements of Texas Rule of Civil Procedure 683 and was thus void and "of no effect." *City of Corpus Christi v. Friends of the Coliseum*, 311 S.W.3d 706, 710 (Tex. App.—Corpus Christi 2010, no pet.).

On December 2, 2010, the City filed suit against Friends alleging a wrongful injunction and seeking recovery of the full $30,000 injunction bond. Each individual appellant answered and filed general denials. Friends also answered the lawsuit, denied the wrongful injunction claim, and asserted nine affirmative defenses including: failure to state a cause of action, unclean hands, anticipatory repudiation related to the City's contract with the original demolition company, waiver, release, *in pari delicto*, equitable estoppel, condition precedent, and failure to mitigate. The City filed special exceptions to all of Friends' affirmative defenses and the trial court ordered Friends to replead. Friends repleaded its affirmative defenses, and the City again filed special exceptions. The trial court granted the City's second special exceptions and ordered Friends' affirmative defenses struck from its pleadings.

The City then filed a traditional motion for summary judgment to release the bond. The City's evidence included the bond and affidavits from the City's planning director and risk manager, who testified that the City suffered damages in excess of the $30,000 bond related to the Coliseum litigation. Friends filed a response to the summary judgment motion and alleged that the City failed to establish as a matter of law that it incurred damages. In support of this argument, Friends relied on the contract between the City and the demolition company, which indicated that there would be no damages if an injunction were granted. In its response, Friends attached the affidavits of Kyle Smith,

3

who had a conversation with one of the workers from the demolition company, and appellant George Clower, who testified that based upon his interpretation of the City's contract with the demolition company, the City suffered no monetary damages related to the Coliseum litigation. The trial court granted the City's motion for summary judgment and rendered a final judgment allowing the City to recover the $30,000 injunction bond from Friends, jointly and severally. This appeal followed.

## II.    RELEASE OF THE INJUNCTION BOND

By two issues, which we address as one, Friends asserts that the trial court erred in granting the City's motion for summary judgment to release the $30,000 injunction bond.

### A.  Standard of Review

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* The movant has the burden to establish entitlement to judgment as a matter of law and that no genuine issue of any material fact exists. TEX. R. CIV. P. 166a.

### B.  Applicable Law

Rule of civil procedure 684 controls a temporary restraining order or temporary injunction applicant's bond. *See* TEX. R. CIV. P. 684. The court granting the order shall fix the amount of security to be given by the applicant. *Id.* Before a temporary restraining order or temporary injunction issues, the applicant shall execute and file with the clerk of the court a bond to the adverse party, with two or more good and sufficient

sureties, to be approved by the clerk, in the sum fixed by the judge. *Id.* As a condition to the bond, the applicant will abide by the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part. *Id.*

Furthermore, where a temporary restraining order or temporary injunction is against a municipality, and is such that the municipality has no pecuniary interest in the suit and no monetary damages can be shown, the bond shall be allowed in the sum fixed by the judge, and the liability of the applicant shall be for its face amount if the restraining order or temporary injunction shall be dissolved in whole or in part. *Id.* The trial court has discretion to fix the amount of the bond, and such discretion is subject to review. *Id.* But, under equitable circumstances and for good cause shown by affidavit or otherwise, the court rendering judgment on the bond may allow recovery for less than its full face amount, and such a decision is reviewable. *Id.*

## C. Discussion

Friends first argues that the trial court erred in granting summary judgment in favor of the City for release of the full $30,000 injunction bond because the City's contract with the demolition company precludes the City from suffering any damages arising out of the Coliseum litigation.

Rule 684 states that when a temporary injunction is issued against a municipality, and the temporary injunction is dissolved in whole or in part, the applicant's liability "shall be for its face amount" even if the municipality has "no pecuniary interest in the suit" or "no monetary damages can be shown." TEX. R. CIV. P. 684. Here, Friends obtained a temporary injunction against the City, a municipality, and the temporary injunction was

5

adjudged to be "void" and "of no effect" by this Court in 2010. *See Friends of the Coliseum*, 311 S.W.3d at 710. Thus, the City would be entitled as a matter of law to the "face amount of the bond"—in this case, $30,000.

However, Friends filed an affidavit by Clower that challenges the City's full recovery of the bond based upon the City's contract with the demolition company that demolished the Coliseum. Specifically, Clower asserts that he is an architect and has done business with the City in the past. Furthermore, as a result of his past business with the City, Clower stated that he was "thoroughly familiar with construction and demolition contracts between the [City] and various entities, including private contractors." Clower then opined that based upon his experience and reading of the current demolition contract, the City "would have no damages" based on demolition change orders or attorneys fees to recover any amount from the $30,000 bond. In turn, the City argues that we should disregard Clower's affidavit because neither Friends nor Clower have standing to enforce the relevant clause of the demolition contract. We are unpersuaded. Standing focuses on the question of who may bring an action, *see Patterson v. Planned Parenthood of Houston & S.E. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). Friends does not attempt to sue the City to enforce the demolition contract, as the City erroneously asserts. Instead, Friends uses the contract and the Clower affidavit to argue for the City's lower bond recovery based upon the equitable circumstances and good cause exception of Rule 684. *See* TEX. R. CIV. P. 684. Therefore, we hold that the Clower affidavit and corresponding demolition contract created a genuine issue of material fact as to equitable circumstances or good cause justifying a recovery of less than the full amount of the bond, thereby precluding summary judgment. *See id.*; R. 166a. We

6

sustain Friends's sole issue on appeal.

### III. CONCLUSION

We reverse the trial court's order granting the City's traditional motion for summary

judgment and remand this case for further proceedings consistent with this opinion.


GINA M. BENAVIDES,
Justice


Delivered and filed the
30th day of April, 2015.