

# NUMBER 13-20-00338-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SMART AUTOMOTIVE SERVICES INC.,                                    Appellant,

v.

ALLAN MUIR,                                                        Appellee.

## On appeal from the 55th District Court
## of Harris County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellee Allan Muir sued appellant Smart Automotive Services Inc. (Smart Auto), alleging it wrongfully repossessed his truck pursuant to a mechanic's lien. In this accelerated interlocutory appeal, Smart Auto argues by five issues that the trial court erred in granting a temporary injunction because: (1) the order granted "substantially all relief" requested by Muir in his petition; (2) the order did not comply with Texas Rule of

Civil Procedure 683; (3) Muir did not present sufficient evidence; (4) the order violated Smart Auto's right to a lien under the Texas Constitution, *see* TEX. CONST. art. 16, § 37; and (5) Smart Auto had a valid lien. We reverse and remand.[1]

## I. BACKGROUND

In September 2017, Muir's GMC pickup truck was damaged by Hurricane Harvey. Muir took the truck to Smart Auto, a vehicle repair shop in Houston, for repairs. From 2017 to 2019, Smart Auto completed various repairs on the truck, for which Muir paid a total of $10,000. Smart Auto still retained possession of the truck as of February 2019, when Muir asked to take possession of it so that he could remove debris from his yard. Smart Auto agreed to let him take possession but, allegedly, did so only on the condition that Muir would: (1) return the truck later so that Smart Auto could finish the repairs; and (2) pay an alleged $573.42 balance he owed on repairs which had already been done. Muir did not return the truck, so Smart Auto repossessed it on May 18, 2020.

On June 4, 2020, Muir filed his suit against Smart Auto, alleging that it had enforced a fraudulent lien by repossessing the truck. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.002 (establishing civil liability for the "mak[ing], present[ment], or use" or a fraudulent court record or lien). He requested damages as well as an order compelling Smart Auto to return the truck and to refrain from using or selling it while it still had possession. The trial court granted an *ex parte* temporary restraining order enjoining Smart Auto from using, selling, or asserting any liens against the truck.

A hearing on temporary injunctive relief was held on July 2, 2020. With regard to

---

[1] This appeal was transferred to this Court from the Fourteenth Court of Appeals in Houston pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

the alleged outstanding amount due of $573.42, Muir testified: "[T]o my knowledge, that was put on a credit card." However, he stated he could not locate the receipt or record for that payment. Muir said that, when the truck was repossessed, he called the police to report it stolen, but "after I thought about it, I suspected that Smart might have done that." He explained that he suspected Smart Auto might have repossessed the truck "[b]ecause we had a disagreement over a bill."

When asked how he would be harmed if he "los[t] the truck," Muir replied: "I've already invested almost $13,000 in this vehicle, way, way beyond what I anticipated when I first talked to Smart about doing the repairs. So not only will I lose what I paid for the truck, I will lose what I have in repairs for the truck." Muir was then asked if there would be "any kind of damages that aren't reflected in money," and he replied: "Well, the truck has definitely got some value in terms of memories. My wife and I shared—she insisted that I get a bigger truck after I got crunched in my little one, so we went shopping and found that truck." He agreed with counsel that the truck is "unique" and has "sentimental value." On cross-examination, Muir conceded that, if the truck was ultimately returned to him at the end of the lawsuit, he would not have suffered any "sentimental damages."

The only other witness at the hearing was Danielle Smart, an employee of Smart Auto. Smart testified that, prior to the repossession, she notified Muir multiple times via telephone and mail that he owed an outstanding balance.

The trial court granted Muir's requested temporary injunction by order dated July 8, 2020. The order stated, in its entirety, as follows:

> On this day the court considered [Muir]'s application for temporary injunction. [Muir] appeared in person, via video, and through counsel and [Smart Auto] appeared through counsel by video. After consideration of the application, evidence, and argument of counsel, the Court GRANTS a

3

temporary injunction.

The Court find[s] that [Muir] has a probable right to relief on his cause of action for violations of section 12.001 [sic] against [Smart Auto] based on a fraudulent lien. If the temporary injunction is not granted harm is imminent and irreparable, which cannot be adequately compensated, damages cannot be calculated. [Smart Auto]'s actions have deprived [Muir] of his right to use his GMC Pickup R20, Texas license plate number BHK 2636 for both personal and business reasons.

The Court finds this Order is necessary to preserve [Muir]'s rights and to preserve the status quo.

IT IS THEREFORE ORDERED that [Smart Auto] and its agents, servants, attorneys, employees, assigns and any persons in active convert [sic], participation, or contractual relationship with them, are enjoined from:

(a)     asserting a lien against [Muir]'s GMC Pickup R20;

(b)     the use or sale of [Muir]'s GMC Pickup R20; and

(c)     any action that would prevent [Muir] from retrieving his GMC Pickup R20 from [Smart Auto]'s property.

[Muir] may not sale [sic], transfer, or otherwise dispose of the GMC Pickup R20 while this injunction is pending.

IT IS FURTHER ORDERED that [Muir] shall pay an additional bond amount of $1300.00 for this injunction.

This Order expires upon final order of this Court.

It is further ordered that trial on the ultimate relief in this case is set for May 10, 2021.

This appeal followed. *See id.* § 51.014(a)(4) (permitting immediate appeal of interlocutory order granting temporary injunction).

## II. DISCUSSION

## A. Standard of Review and Applicable Law

A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Its purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Id.*

4

To obtain a temporary injunction, the applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim if the injunction were not granted. *Id.* For purposes of temporary injunctive relief, an injury is considered irreparable if the party cannot be adequately compensated in damages or if those damages are incapable of calculation. *Cheniere Energy, Inc. v. Parallax Enters., LLC*, 585 S.W.3d 70, 76 (Tex. App.—Houston [14th Dist.] 2019, pet. dism'd); *see Butnaru*, 84 S.W.3d at 204.

The decision to grant a temporary injunction lies within the trial court's sound discretion. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (per curiam); *see Butnaru*, 84 S.W.3d at 211; *Layton v. Ball*, 396 S.W.3d 747, 753–54 (Tex. App.—Tyler 2013, no pet.). We do not review or decide the underlying merits, and we will not disturb the order unless it is "so arbitrary that it exceed[s] the bounds of reasonable discretion." *Henry v. Cox*, 520 S.W.3d 28, 33–34 (Tex. 2017). The trial court does not abuse its discretion if some evidence reasonably supports its decision. *Id.*; *Marketshare Telecom, L.L.C. v. Ericsson, Inc.*, 198 S.W.3d 908, 916 (Tex. App.—Dallas 2006, no pet.). We draw all legitimate inferences from the evidence in the light most favorable to the trial court's decision. *Marketshare Telecom*, 198 S.W.3d at 916.

## B. Analysis

By its second issue, which we address first because it is dispositive, Smart Auto argues the trial court's temporary injunction is void because it does not comply with Texas Rule of Civil Procedure 683. That rule states:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties

> to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.
>
> Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial.

TEX. R. CIV. P. 683. The requirements of Rule 683 are mandatory and must be strictly followed. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam). Otherwise, the temporary injunction order is void. *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986).

To comply with Rule 683, a temporary injunction order must state the reasons why the applicant will suffer irreparable harm if the injunctive relief is not ordered. *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971) ("It is not required that the trial court explain its reasons for believing that the applicant has shown a probable right to final relief, but it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered."); *Transp. Co. of Tex. v. Robertson Transps.*, 261 S.W.2d 549, 553 (Tex. 1953); *City of Corpus Christi v. Friends of the Coliseum*, 311 S.W.3d 706, 708 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.).

With respect to whether Muir would suffer irreparable injury in the absence of a temporary injunction, the order at issue here merely states: "If the temporary injunction is not granted harm is imminent and irreparable, which cannot be adequately compensated, damages cannot be calculated." Courts have repeatedly found that non-specific and factually unsupported recitations such as this do not satisfy Rule 683. *See Friends of the Coliseum*, 311 S.W.3d at 708 (finding a temporary injunction order void under Rule 683 because it stated only that the demolition enjoined by the order "will cause immediate and

6

irreparable harm to [plaintiffs]" without elaboration); *Monsanto Co. v. Davis*, 25 S.W.3d 773, 788 (Tex. App.—Waco 2000, pet. denied) (same where order stated only that plaintiffs "will suffer probable injury in the event that such writ of temporary injunction is not issued"); *Byrd Ranch, Inc. v. Interwest Sav. Ass'n*, 717 S.W.2d 452, 453–55 (Tex. App.—Fort Worth 1986, no writ) (same where order stated only that plaintiff "will suffer irreparable harm for which it has no adequate remedy at law"); *Univ. Interscholastic League v. Torres*, 616 S.W.2d 355, 358 (Tex. App.—San Antonio 1981, no writ) ("Even though there were allegations in the appellee's petition for injunction which may have justified the issuance of the writ, the mere recital of 'no adequate remedy at law' and 'irreparable harm' in the order lacks the specificity required by Rule 683."); *Gen. Homes, Inc. v. Wingate Civic Ass'n*, 616 S.W.2d 351, 353 (Tex. App.—Houston [14th Dist.] 1981, no writ) (finding that a temporary injunction order did not satisfy Rule 683 "because it only states the trial court's conclusion that immediate and irreparable harm will result if the injunction is not granted, with no specific reasons supporting the conclusion"); *Stoner v. Thompson*, 553 S.W.2d 150, 151 (Tex. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.) (finding a temporary injunction order insufficient under Rule 683 and noting that "[t]he conclusion [in the order] that the situation is harmful [to the plaintiff] is not a reason why injury will be suffered if the interlocutory relief is not ordered").

Muir contends on appeal that the order is sufficiently detailed because it stated that "damages cannot be calculated" and that "[Smart Auto's] actions have deprived [Muir] of his right to use his GMC Pickup . . . for both personal and business reasons." Muir argues this is akin to a statement that he "will suffer irreparable injury on the basis that his vehicle is required for his business and the damages from the continued deprivation

7

of his vehicle cannot be calculated." We disagree. The order does not explicitly make the connection, as Muir does, between the loss of use of his vehicle and the incalculability of damages. Further, there is no reason why this connection should be inferred from the terms of the order, given that loss of use of a vehicle is adequately and readily compensable by damages. *See, e.g.*, *Luna v. N. Star Dodge Sales, Inc.*, 667 S.W.2d 115, 119 (Tex. 1984) ("To prove up loss of use, the reasonable rental value of a substitute automobile is sufficient evidence to support an award of actual damages.").

For the foregoing reasons, we conclude the temporary injunction order does not sufficiently state the reasons why Muir would suffer irreparable harm if the temporary injunction was not granted. *See Cook United, Inc.*, 464 S.W.2d at 106; *Transp. Co. of Tex.*, 261 S.W.2d at 553; *Friends of the Coliseum*, 311 S.W.3d at 708; *see also* Tex. R. Civ. P. 683. Accordingly, the order is void and of no effect. *See InterFirst Bank*, 715 S.W.2d at 641. We sustain Smart Auto's second issue and need not address its remaining issues. *See* Tex. R. App. P. 47.1.

### III. Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
22nd day of April, 2021.

8