

# NUMBER 13-25-00321-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALEJANDRO MORENO AND
ALGAMO GROUP, LLC,                                              Appellants,

v.

SANJUANA IDALIA VALENCIA,
ALEJANDRA RIOS, AND
ANA BERTHA BARRERA,                                             Appellees.

## ON APPEAL FROM THE 93RD DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Justice Fonseca**

For the third time, we are asked to review a temporary injunction granted in the

underlying dispute concerning three parcels of residential real property in Hidalgo County.

Appellants Alejandro Moreno and Algamo Group, LLC argue that the trial court erred by

issuing its latest temporary injunction order on May 25, 2025, precluding them from evicting appellees SanJuana Idalia Valencia, Alejandra Rios, and Ana Bertha Barrera from the subject properties. Because the order again fails to comply with applicable rules, it is void, and we will reverse and remand.

## I.    BACKGROUND

In 2020, Comack Investment, L.P. (Comack) loaned funds to M.A.R. Designs & Construction, Inc. (M.A.R.) for the purchase and development of the subject properties, and the loans were secured by deeds of trust. When M.A.R. defaulted on the loans, Comack initiated non-judicial foreclosure proceedings. M.A.R. then sued Comack seeking to enjoin the foreclosures, and the trial court issued a temporary injunction on April 23, 2021. However, we held that the temporary injunction order was void because it neither included a trial setting nor fixed a bond amount. *Comack Inv., L.P. v. M.A.R. Designs & Constr., Inc.*, No. 13-22-00347-CV, 2023 WL 2807217, at *1–3 (Tex. App.— Corpus Christi–Edinburg Apr. 6, 2023, no pet.) (mem. op.) (applying TEX. R. CIV. P. 680). Appellants subsequently purchased the respective properties at the foreclosure sale.

In 2023, appellants initiated eviction proceedings against appellees, who were residing on the subject properties. Appellees then intervened in the underlying suit, raising claims of wrongful foreclosure, civil conspiracy, and fraud against appellants. Specifically, appellees asserted that they had purchased the subject properties from M.A.R. but that M.A.R. pledged the properties as loan collateral without informing them. On June 2, 2023, the trial court issued a temporary injunction preventing appellants from evicting appellees. But we again reversed, holding that appellees had failed to show a probable right to relief on any of their claims. *Moreno v. Valencia*, No. 13-23-00404-CV, 2025 WL 1074956, at

2

*4–5 (Tex. App.—Corpus Christi–Edinburg Apr. 10, 2025, no pet.) (mem. op.) (holding there is "no evidence that the purchase price was grossly inadequate for any of the properties," "that the alleged irregularity caused or contributed to the sales price," "that appellants conspired with others to wrongfully foreclose on their property," or "that appellants committed fraud").

Four days after our decision, the trial court signed an ex parte temporary restraining order precluding appellants from evicting appellees and setting a hearing on appellees' request for temporary injunction for April 28, 2025.[1] The trial court then heard testimony on April 28, April 29, April 30, and May 6. Following the hearings, the trial court signed the following written order, which we reproduce in its entirety (aside from addresses and property descriptions):

> On April 28, 29, 30[,] and May 6, 2025, the Court heard Intervenors' Petition for Temporary Injunction.
>
> Based upon the pleadings, records, documents filed by counsel, and the arguments of counsel, the Court is of the opinion that such order should be granted. Intervenors appeared through their counsel of record and Cross-Defendants Comack Investments, Alejandro Moreno and Algamo Group appeared through their counsel of record.
>
> The Court finds that:
>
> 1.  The Intervenors have plead[ed] two valid causes of action: breach of third-party beneficiary contract and participatory liability by civil conspiracy.
>
> 2.  That Intervenors need not prove they will ultimately prevail at trial, but the Court finds they are likely to succeed on the merits of the claims.
>
> 3.  The Court also finds that failure to grant the requested injunctive

---

[1] The temporary restraining order did not state (1) whether or why appellees would be irreparably harmed if it was not issued, (2) the reasons for its issuance, or (3) why it was issued without notice. *See* TEX. R. CIV. P. 680 ("Every temporary restraining order granted without notice shall . . . define the injury and state why it is irreparable and why the order was granted without notice . . . ."); *id.* R. 683 ("[E]very restraining order shall set forth the reasons for its issuance.").

relief results in harm that is imminent, injury that is irreparable and Intervenors have no adequate remedy at law. The Court grants the injunctive relief prayed for in Intervenors' Supplemental and Sixth Amended Petition in Intervention and Request for Temporary Injunction.

4. Cross-Defendants Alejandro Moreno and Algamo Group are seeking to evict the Intervenors from their homesteads.

5. Intervenor SanJuana Valencia resides at [address,] which is also her homestead. The property is legally described as [legal description].

6. Intervenor Ana B. Barrera resides at [address,] which is also her homestead. The property is legally described as [legal description].

7. Intervenor Alejandra Rios' homestead is located at [address and legal description].

IT IS THEREFORE ORDERED that a temporary injunction should be GRANTED, hereby restraining Defendants and Cross-Defendants Alejandro Moreno and Algamo Group LLC as follows:

A. Immediately taking any action to evict Intervenor SanJuana Valencia who resides at [address and legal description]. Any and all eviction proceedings related to that property are hereby abated until further order of this Court.

B. Immediately taking any action to evict Intervenor Ana B. Barrera who resides at [address and legal description]. Any and all eviction proceedings related to that property are hereby abated until further order of this Court.

C. Immediately taking any action to evict Intervenor Alejandra Rios from her home located at [address and legal description] until such further order from this Court. Any and all eviction proceedings related to that property are hereby abated until further order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this matter be heard on September 22, 2025[,] at 9:00 a.m. in the courtroom of the 93rd District Court of Hidalgo County, Texas.

The bonds are to remain as they are[.]

SIGNED and ENTERED on May 15, 2025.

This accelerated interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN.

§ 51.014(a)(4) (permitting immediate appeal of interlocutory order granting a temporary

4

injunction).

## II. TEMPORARY INJUNCTION

By two issues, appellants contend the trial court abused its discretion because (1) the injunction was based in part on a cause of action (breach of third-party beneficiary contract) which appellees did not plead, and (2) appellees failed to establish a probable right to relief.

### A. Applicable Law and Standard of Review

A temporary injunction is an extraordinary remedy, intended to preserve the status quo of the litigation's subject matter pending a trial on the merits, and "does not issue as a matter of right." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *see Sargeant v. Al Saleh*, 512 S.W.3d 399, 408 (Tex. App.—Corpus Christi–Edinburg 2016, combined appeal & orig. proceeding [mand. denied]). "To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Butnaru*, 84 S.W.3d at 204.

Whether to grant a temporary injunction is "within the trial court's sound discretion." *Id.* A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable it amounts to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *Sargeant*, 512 S.W.3d at 409 (first citing *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); and then citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). A trial court abuses its discretion in granting a temporary injunction when it misapplies the law to the established facts. *Id.* In evaluating whether the trial court abused its discretion, we review evidence in the light most favorable

5

to its ruling, drawing all legitimate inferences and deferring to the trial court's resolution of conflicting evidence. *See Butnaru*, 84 S.W.3d at 204.

## B.    Analysis

Under Texas Rule of Civil Procedure 683, every order granting a temporary injunction must, among other things, "set forth the reasons for its issuance" and "be specific in terms." TEX. R. CIV. P. 683. It has long been established that this rule requires every temporary injunction order to explain "the reasons why the court believes the applicant's probable right [to preservation of the status quo] will be endangered if the writ does not issue." *Transp. Co. of Tex. v. Robertson Transps., Inc.*, 261 S.W.2d 549, 556 (Tex. 1953); *see State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971); *Clark v. Hastings Equity Partners, LLC*, 651 S.W.3d 359, 373 (Tex. App.—Houston [1st Dist.] 2022, no pet.); *City of Corpus Christi v. Friends of the Coliseum*, 311 S.W.3d 706, 708–09 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.). In other words, the order must provide a factual basis explaining why the applicant will suffer a "probable, imminent, and irreparable injury" if the temporary injunction is not issued, and it must connect the enjoined actions to the irreparable injury. *See In re County of Hidalgo*, 655 S.W.3d 44, 53 (Tex. App.—Corpus Christi–Edinburg 2022, orig. proceeding); *Caniglio v. Woods*, 593 S.W.3d 856, 858 (Tex. App.—Texarkana 2019, no pet.); *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 747 (Tex. App.—Dallas 2011, no pet.) (holding temporary injunction order violates Rule 683 when "the order provides no nexus between the actions restrained and an irreparable injury to [the applicant] that cannot be adequately compensated"). The reasons provided must be specific and may not consist of conclusory statements or "mere recitals." *In re Chaumette*, 456 S.W.3d 299, 305 (Tex. App.—Houston [1st Dist.] 2014,

orig. proceeding); *In re County of Hidalgo*, 655 S.W.3d at 53; *Good Shepherd Hosp., Inc. v. Select Specialty Hosp.-Longview, Inc.*, 563 S.W.3d 923, 929 (Tex. App.—Texarkana 2018, no pet.); *Kotz v. Imperial Cap. Bank*, 319 S.W.3d 54, 56 (Tex. App.—San Antonio 2010, no pet.) ("The trial court must set forth specific reasons, not merely conclusory statements, in the order granting temporary injunctive relief."); *see also Arkoma Basin Expl. Co. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008) (defining "conclusory" as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based").

The procedural requirements of Rule 683 are "mandatory and must be strictly followed." *In re Luther*, 620 S.W.3d 715, 722 (Tex. 2021) (orig. proceeding); *see Indep. Cap. Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.) ("A trial court abuses its discretion by issuing a temporary injunction order that does not comply with the requirements of rule 683."). A temporary injunction that does not meet these requirements is "subject to being declared void and dissolved." *In re Luther*, 620 S.W.3d at 722 (citing *Qwest Commnc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam)). "[T]he failure of a temporary injunction order to meet the requirements of Rule 683 renders it void and requires reversal even if this issue is not timely raised" by the parties. *AutoNation, Inc. v. Hatfield*, 186 S.W.3d 576, 581 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see Indep. Cap. Mgmt.*, 261 S.W.3d at 795; *see also Mann v. Aguirre*, No. 13-08-00746-CV, 2010 WL 337161, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 28, 2010, no pet.) (mem. op.).[2]

---

[2] Indeed, a temporary injunction order which fails to comply with Rule 683 is void even if the parties agreed to its form or substance. *See In re Garza*, 126 S.W.3d 268, 270–71 (Tex. App.—San Antonio 2003, orig. proceeding [mand. denied]) (declaring order void even though parties agreed to its substance); *Evans*

The order on appeal merely states that "the failure to grant the requested injunctive relief results in harm that is imminent, injury that is irreparable[,] and Intervenors have no adequate remedy at law." It fails to explain any reasons why the trial court believed that appellees would suffer "probable, imminent, and irreparable injury" if the temporary injunction is not issued, and it fails to connect the enjoined actions to any irreparable injury. *See Butnaru*, 84 S.W.3d at 204; *In re County of Hidalgo*, 655 S.W.3d at 53; *Caniglio*, 593 S.W.3d at 858; *El Tacaso*, 356 S.W.3d at 744. The temporary injunction order is entirely conclusory in nature. *See Transp. Co. of Tex.*, 261 S.W.2d at 553; *Good Shepherd Hosp., Inc.*, 563 S.W.3d at 929; *In re Chaumette*, 456 S.W.3d at 305. Therefore, it is void and of no effect. *See In re Luther*, 620 S.W.3d at 722; *Friends of the Coliseum*, 311 S.W.3d at 708–09. Accordingly, without addressing appellants' issues, we dissolve the temporary injunction. *See* TEX. R. APP. P. 47.1; *Indep. Cap. Mgmt.*, 261 S.W.3d at 795; *see also Mann*, 2010 WL 337161, at *2.

### III.    CONCLUSION

The trial court's May 15, 2025 temporary injunction order is reversed and the cause is remanded for further proceedings consistent with this memorandum opinion.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
13th day of November, 2025.

---

*v. C. Woods, Inc.*, 34 S.W.3d 581, 582–83 (Tex. App.—Tyler 1999, no pet.) (same even though parties agreed to form of order).

8