Bobby HIGGINBOTHAM, d/b/a Higginbotham Enterprises, Inc., and Higginbotham Enterprises, Inc., Appellants,

v.

Priscilla A. CLUES, Appellee.

No. C14–86–759–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 16, 1987.

Gordon R. Cooper, II, Houston, for appellants.

Frank C. Farris, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellants Bobby Higginbotham and Higginbotham Enterprises, Inc., appeal the trial court's order granting appellee Priscilla A. Clues a temporary injunction that prevents appellant from operating his business under the name, Exclusive Temporaries, Inc. Without reaching the merits of appellant's appeal, we are forced to reverse the trial court and dissolve the injunction.

Rule 683 of the Texas rules of Civil Procedure provides:

Every order granting a temporary injunction *shall* include an order setting the cause for trial on the merits with respect to the ultimate relief sought.

A copy of the order granting the temporary injunction is contained in the record on appeal. The order includes a sentence that contains spaces in which the date of the trial on the merits is to be held. Although the trial judge signed the Order, he did not fill in the portion of the order setting the cause for trial on the merits with respect to the ultimate relief sought. The record does not reflect that either of the attorneys in this case brought this problem to the court's attention.

The Texas Supreme Court held in *Inter-First Bank San Felipe v. Paz Construction Company*, 715 S.W.2d 640, 641 (Tex. 1986) that the requirements of Rule 683 are mandatory and must be strictly followed. When a temporary injunction order does not adhere to the requirements of Rule 683, the injunction order is subject to being declared void and dissolved. Though the Texas Supreme Court has clearly and expressly held that Rule 683 mandates that a temporary injunction must be reversed and dissolved if a date setting the cause for trial on the merits is not included in the order, we continue to receive appeals from orders granting temporary injunctions in which the order does not contain the required date. The mandate of the rule is clear: a date for trial on the merits is essential. Because the trial court failed to include a date setting the cause for trial on the merits, we reverse the court and order the temporary injunction dissolved.