**360 DEGREE COMMUNICATIONS COMPANY, Appellant,**

v.

**Rock GRUNDMAN, Margaret and Syd Carter, Mary and Larry Lange, Carol and Jim Reid, and Marilyn H. Mallory, Appellees.**

No. 06–96–00064–CV.

Court of Appeals of Texas, Texarkana.

Argued Dec. 3, 1996.

Decided Dec. 5, 1996.

Michael G. Cosby, Pakis, Giotes, Beard, Page, Waco, Kirk T. Garner, Alexander & Boswell, Winnsboro, for Appellant.

Wm. David Simmons, Storey, Armstrong, Steger, Martin, Dallas, V. Rock Grundman, Rock Grundman & Associates, Mount Vernon, for Appellees.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

OPINION

STARR, Justice.

This is a temporary injunction appeal. It is governed by the per curiam opinion of the

Supreme Court of Texas in *InterFirst Bank v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986). In that case, as in the present case which we have before us, the trial court's temporary injunction order failed to include an order setting the matter for trial on the merits, contrary to Rule 683, Texas Rules of Civil Procedure, which provides as follows:

> Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought.

The Supreme Court stated its holding thusly:

> The requirements of Rule 683 are mandatory and must be strictly followed. When a temporary injunction order does not adhere to the requirements of Rule 683 the injunction order is subject to being declared void and dissolved. E.g., *Northcutt v. Waren*, 326 S.W.2d 10, 10 (Tex.Civ. App.—Texarkana 1959, writ ref'd n.r.e.); *University Interscholastic League v. Torres*, 616 S.W.2d 355, 357–58 (Tex.Civ. App.—San Antonio 1981, no writ); *Smith v. Hamby*, 609 S.W.2d 866, 868 (Tex.Civ. App.—Fort Worth 1980, no writ).

Appellees are aware of the above holding and acknowledge it as establishing a general rule. Appellees contend, however, that in the present case appellant waived its right to complain "by requesting a jury trial to avoid calendering the trial date, refusing to sign the proposed Temporary Injunction, requesting Appellee to pass the October trial setting, all without ever claiming error...." Appellees rely on Rule 52(a), Texas Rules of Appellate Procedure, but brief no cases in support of their position.

We are persuaded that the great weight of authority following *InterFirst Bank v. Paz Constr. Co.*, *supra*, militates against validating the defective order by means of waiver. *Fasken v. Darby*, 901 S.W.2d 591, 593 (Tex. App.—El Paso 1995, no writ) ("rule operates to invalidate an injunction even when the complaining party fails to bring the error to the trial court's attention"); *Crenshaw v. Chapman*, 814 S.W.2d 400, 402 (Tex.App.— Waco 1991, no writ) ("fatally defective and void ab initio"); *Bayoud v. Bayoud*, 797 S.W.2d 304, 313 (Tex.App.—Dallas 1990, writ denied) ("we are of the opinion that the rule cannot be waived"); *Hopper v. Safeguard Business Sys., Inc.*, 787 S.W.2d 624, 626 (Tex.App.—San Antonio 1990, no writ) ("the failure of a temporary injunction order to meet the strict requirements of Rule 683 on its face renders the order fatally defective and void, whether specifically raised by point of error or not"); *Courtlandt Place Historical Found. v. Doerner*, 768 S.W.2d 924, 926 (Tex.App.—Houston [1st Dist.] 1989, no writ) ("we hold that the order is void"); *Permian Chem. Co. v. State*, 746 S.W.2d 873, 874 (Tex.App.—El Paso 1988, writ dism'd) ("fatally defective and void, whether specifically raised by point of error or not"); *Keck v. First City Nat'l Bank*, 731 S.W.2d 699, 700 (Tex.App.—Houston [14th Dist.] 1987, no writ) ("mandatory and must be strictly followed"); *Higginbotham v. Clues*, 730 S.W.2d 129, 129 (Tex.App.—Houston [14th Dist.] 1987, no writ) ("[t]he mandate of the rule is clear: a date for trial on the merits is essential").

In light of these holdings we grant appellant relief under its third point of error. We take the same action taken by the Texas Supreme Court in *InterFirst Bank v. Paz Constr. Co, supra*. We reverse the temporary injunction entered by the trial court, declare the temporary injunction void, and order that it be dissolved.