**BIG D PROPERTIES, INC., Denton Opera House, L.P., Scott Finfer and James Michael Kevlin, Appellants,**

v.

**Don FOSTER and Lucy Lovely, Appellees.**

No. 2–98–376–CV.

Court of Appeals of Texas, Fort Worth.

April 15, 1999.

Law Office of C. Gregory Shamoun, Howard J. Klatsky, Dallas, for Appellant.

Gretchen A. Benolken, P.C., Gretchen A. Benolken, Denton, for Appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

This is an appeal from a temporary injunction arising from a landlord tenant dispute. Appellants raise two points. In their first point, appellants argue that appellees have an adequate remedy at law, and thus, the trial court abused its discretion in issuing the injunction. In their second point, appellants argue that the injunction is fatally defective. Because the injunction does not state the basis for its issuance or contain a trial date, it is defective; therefore, we reverse.

## BACKGROUND

Appellees Don Foster and Lucy Lovely have owned and operated Recycled Books Records and CDs (the "Bookstore") for approximately fifteen years. Since its inception, the Bookstore has occupied the lower levels of 200 N. Locust, and until the building was purchased by Robert J. Caraway (appellants' predecessor-in-interest), appellees operated without a written lease.

On November 1, 1997, appellees entered into a ten-year lease with Caraway. Subsequently, Caraway sold the building to appellants and informed them of appellees' lease.

Almost immediately, appellants began renovating the building and, almost as quickly, problems between the parties arose. First, appellees' signage was removed to paint the building and was not reinstalled. Also the renovation of the building's upper floors jarred ceiling tiles loose and disturbed appellees' customers. Construction material fell through the ceiling in the Bookstore and noxious fumes from the renovation caused the evacuation of the Bookstore and resulted in one employee getting sick. During the course of renovation, appellees also received two letters from appellants stating an intent to "forfeit" the lease; however, no formal eviction proceedings were initiated.

Appellees filed suit requesting damages, a temporary restraining order, and a temporary injunction. They sought relief from (1) appellants' threatened forfeiture of the lease, (2) unwarranted construction intrusions, (3) continued threats to forfeit the lease, and (4) appellants' continued harassment. After a hearing, the trial court, on December 2, 1998, enjoined the appellants from "interfering with [Appellees'] use and enjoyment of the premises leased by them" and "from evicting or dispossessing [Appellees] from and of the Leased Premises." Appellants then filed this appeal pursuant to Texas Civil Practices and Remedies Code section 51.014(a)(4). TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon 1994) (allowing interlocutory appeals from either the grant or denial of a temporary injunction).

## DISCUSSION

Since appellants' second point is dispositive of the appeal, we will address it only. Appellants argue that the temporary injunction is fatally defective. They point out that the injunction does not set forth the reasons for its issuance nor does it contain an order setting the matter for trial. They also contend the order does not set out in reasonable detail the acts to be enjoined.

Texas Rule of Civil Procedure 683 provides:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance ... shall describe in reasonable detail ... the act or acts sought to be restrained....
>
> Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought....

TEX.R. CIV. P. 683.

Rule 683's requirements are mandatory and must be strictly followed. *See*

*InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex. 1986); *Operation Rescue–National v. Planned Parenthood of Houston and Southeast Texas, Inc.,* 937 S.W.2d 60, 82 (Tex.App.—Houston [14 th Dist.] 1996), *aff'd as modified,* 975 S.W.2d 546 (Tex. 1998). Where a temporary injunction does not meet rule 683's requirements it is subject to being declared void and dissolved. *See 360 Degree Communications Co. v. Grundman,* 937 S.W.2d 574, 575 (Tex. App.—Texarkana 1996, no writ) (citing *Smith v. Hamby,* 609 S.W.2d 866, 868 (Tex.Civ.App.—Fort Worth 1980, no writ)).

■ In response, appellees argue that appellants have waived this argument. They contend appellants were required to make their complaint known to the trial court and have failed to do so. *See Emerson v. Fires Out, Inc.,* 735 S.W.2d 492, 493 (Tex.App.—Austin 1987, no writ). However, the great weight of authority follows *InterFirst Bank* and "militates against validating the defective order by means of waiver." *360 Degree Communications,* 937 S.W.2d at 575 (citing five other courts of appeals that disfavor waiver of rule 683's requirements); *see also InterFirst,* 715 S.W.2d at 641. We subscribe to the latter point of view and hold that rule 683's requirements may not be waived. Accordingly, we hold the temporary injunction void and sustain appellants' second point.

### CONCLUSION

Because the temporary injunction fails to meet Texas Civil Procedure Rule 683's requirements for a valid injunctive order, and such requirements are mandatory and not subject to waiver, we hold the temporary injunction is void. Accordingly, we reverse the temporary injunction entered by the trial court and declare the temporary injunction void. The temporary injunction order is dissolved.