Travis **EVANS**, Appellant,

v.

**C. WOODS, INC.**, Appellee.

No. 12–99–00153–CV.

Court of Appeals of Texas, Tyler.

Aug. 30, 1999.

---

2. We do not consider whether JWH's lien fulfills the requirements of Texas Property Code section 53.254.

William S. Hommel, Jr., Michael Starr, Tyler, for appellant.

William Sheehy, Tyler, for appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

JIM WORTHEN, Justice.

In this interlocutory appeal,[1] we are asked to determine whether the trial court abused its discretion when it temporarily enjoined Appellant Travis Evans ("Evans") from competing with Appellee C. Woods, Inc. ("Woods") within a fifty mile radius of the city limits of Tyler. Because the Order Granting Temporary Injunction ("order") is void for failure to include an order setting the cause for trial on the merits as required by TEX.R. CIV. P. 683, we will reverse the trial court, declare the order void and dissolve the injunction. *Inter-First Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986).

■ In *InterFirst*, as in this case, the trial court's temporary injunction order failed to include an order setting the matter for trial on the merits as required by TEX.R. CIV. P. 683. That rule provides in pertinent part that "[e]very order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX.R. CIV. P. 683. The supreme court concluded in *InterFirst* that the requirements of Rule 683 are mandatory and must be strictly followed. *Id.* When a temporary injunction order does not adhere to the requirements of Rule 683, the injunction order is therefore subject to being declared void and dissolved. *Id.*

■ Woods is aware of the above holding and acknowledges it as establishing the general rule. It, however, contends that

---

1. This interlocutory appeal is authorized by TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon Supp.1999).

this case is distinguishable because Evans approved the form of the order before it was submitted to the trial court. Woods cites no cases in support of its position. We, however, are persuaded that the great weight of authority following *InterFirst,* militates against validating the defective order by means of waiver. *See 360 Degree Communications Co. v. Grundman,* 937 S.W.2d 574, 575 (Tex.App.—Texarkana 1996, no writ)˙ and cases cited therein.

■ Woods further contends, again without supporting authority, that TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(b) modifies the holding of *InterFirst.* This argument is also without merit. In 1997, the legislature enacted section 51.014(b), which provides: "An interlocutory appeal under Subsection (a) shall have the effect of staying the commencement of a trial in the trial court pending resolution of the appeal." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(b) (Vernon Supp.1999). Woods argues that this provision abating the court's trial setting pending appeal of an interlocutory order nullifies the mandatory provision of TEX.R. CIV. P. 683 that a setting for the trial on the merits be part of a temporary injunction order.

A conflict exists between section 51.014(b) and that portion of rule 683 which provides: "The appeal of a temporary injunction shall constitute no cause for delay of the trial." TEX.R. CIV. P. 683.[2] As can be readily seen, the conflict between these two provisions lies in whether the trial date is to be *stayed* pending an interlocutory appeal. Both provisions, however, presuppose that a trial date has been set in the temporary injunction order as mandated by rule 683. Thus, we reject Woods's contention and hold that TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(b) does not absolve the trial court from its mandatory rule 683 duty to include within its temporary injunction order an order setting the

cause for trial on the merits. We therefore sustain Evans's first issue presented, and having so held, we need not address his remaining issues presented.

Accordingly, the trial court's Order Granting Temporary Injunction is hereby reversed and declared void, and the temporary injunction is dissolved. *InterFirst,* 715 S.W.2d 640.

2. The publisher's note to TEX.R. CIV. P. 683, TEXAS RULES OF COURT, STATE, p. 140 (West Group 1999) provides: "Publisher's Note: See Vernon's Texas Codes Annotated Civil Practice and Remedies Code § 51.014(b) added by Acts 1997, 75th Leg., ch. 1296, § 1, effective June 20, 1997."