**HOIST LIFTRUCK MFG., INC., Appellant**

v.

**CARRUTH–DOGGETT, INC. d/b/a Toyota Lift of Houston and Toyota Lift of South Texas, Appellee**

**NO. 14–15–00139–CV**

Court of Appeals of Texas, Houston (14th Dist.).

Concurring Opinions filed January 12, 2016

Jeffrey S. Patterson, Dallas, TX, Adrienne Russell, Dallas, TX, for Appellant.

Joe C. Holzer, Houston, TX, for Appellee.

Panel consists of Chief Justice Frost and Justices Jamison and Busby.

### OPINION

Brett Busby, Justice

In this accelerated interlocutory appeal, appellant Hoist Liftruck Mfg., Inc. appeals the trial court's order granting the temporary injunction requested by appellee Carruth–Doggett, Inc., d/b/a Toyota Lift of Houston and Toyota Lift of South Houston, Texas (Toyota Lift).[1] Hoist argues, among other things, that the temporary injunction must be dissolved because the order does not state the reasons it was granted as required by Texas Rule of Civil Procedure 683. We conclude that because the temporary injunction order does not state the reasons for its issuance, it violates Rule 683. We therefore sustain Hoist's fifth issue, hold that the temporary injunction order is void, dissolve it, and remand the case to the trial court. We further direct the clerk of this Court to issue the mandate immediately.

### BACKGROUND

Toyota Lift is a material-handling equipment dealer in Houston, Texas. It sells, services, and rents multiple brands of material-handling equipment. Toyota Lift entered into a dealer agreement with Hoist in 2006. Pursuant to that agreement, Toyota Lift was authorized to sell and service Hoist products in a specified territory.

A dispute eventually erupted between Hoist and Toyota Lift over each party's compliance with the terms of the dealer agreement. Hoist sent Toyota Lift notice that it believed Toyota Lift had breached

1. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(4) (West 2015).

the dealer agreement and that it intended to terminate the agreement if Toyota Lift did not cure the alleged breaches within sixty days. Toyota Lift responded by filing suit seeking actual damages as well as injunctive relief.

Following a brief hearing, the trial court granted Toyota Lift's request for a temporary injunction. The order provides:

[T]he Court considered [Toyota Lift's] Second Amended Petition, Application for Temporary Restraining Order and Temporary and Permanent Injunction. Having read the verified petition and considered the arguments of counsel, the Court **GRANTS** [Toyota Lift's] Application for Temporary Injunction.

It is **ORDERED** that [Hoist], Specialized Liftruck Services, LLC aka Hoist Lift of Texas aka Hoistlift of Texas and James Knight, are temporarily enjoined from terminating the Dealer Agreement in the following respects:

(1) [Toyota Lift] is permitted to perform warranty service;

(2) [Toyota Lift] is permitted to purchase parts at dealer pricing;

(3) [Toyota Lift] is permitted to sell to quoted customers and to quote new business.

It is further **ORDERED** that [Toyota Lift] post a bond in the amount of $5,000.00.

It is further order [sic] this matter is set for trial. . . .

The Clerk shall enter this Temporary Injunction and provide a copy to all parties.

This interlocutory appeal followed.

### ANALYSIS

Hoist raises five issues in this interlocutory appeal. We need only address the fifth issue because it is dispositive. In that issue, Hoist contends the trial court's temporary injunction must be dissolved because the order does not state the reasons for its issuance as required by Rule 683 of the Texas Rules of Civil Procedure. We agree.

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002) (op. on reh'g). To obtain a temporary injunction, an applicant is not required to establish that it will prevail upon a final trial on the merits, but must plead and prove that it (1) has a cause of action against the opposing party; (2) has a probable right on final trial to the relief sought; and (3) faces probable, imminent, and irreparable injury in the interim. *Sharma v. Vinmar Int'l, Ltd.*, 231 S.W.3d 405, 419 (Tex.App.–Houston [14th Dist.] 2007, no pet.) (citing *Butnaru*, 84 S.W.3d at 204). Litigants generally are not entitled to temporary injunctive relief as a matter of right. *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993) (per curiam). The decision to grant or deny such relief instead is committed to the trial court's discretion, and we will uphold its ruling absent a clear abuse of discretion. *Id.* at 58.

Although the decision whether to grant or deny a request for a temporary injunction is committed to the sound discretion of the trial court, once the court decides to grant injunctive relief, the order itself must contain the reasons for its issuance. *Helix Energy Sol. Grp., Inc. v. Howard*, 452 S.W.3d 40, 44 (Tex.App.–Houston [14th Dist.] 2014, no pet.) (citing Tex.R. Civ. P. 683). Rule 683 requires that the temporary injunction order specifically set forth the reasons the trial court believes irreparable injury will result absent the granting of an injunction preserving the status quo pending a trial on the

merits. *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 748 (Tex.App.–Dallas 2011, no pet.). This requirement is mandatory. *InterFirst Bank San Felipe, N.A. v. .Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex.1986). An order that does not comply with Rule 683's requirements "is subject to being declared void and dissolved." *Helix Energy Sol. Grp., Inc.*, 452 S.W.3d at 44 (quoting *InterFirst Bank San Felipe, N.A.*, 715 S.W.2d at 641); *Higginbotham v. Clues*, 730 S.W.2d 129, 129 (Tex.App.–Houston [14th Dist.] 1987, no writ).

As shown above, the trial court's temporary injunction order does not state a reason for its issuance and does not address why irreparable injury will result absent an injunction. A trial court abuses its discretion if it issues a temporary injunction order that does not comply with Rule 683. *Helix Energy Sol. Grp., Inc.*, 452 S.W.3d at 44–45. Because the trial court's order does not comply with the mandatory requirements of Rule 683, we declare the temporary injunction order void, dissolve the injunction, and remand the case to the trial court. *Id.* at 45.

### CONCLUSION

We declare the trial court's temporary injunction order void, dissolve the injunction, and remand this case to the trial court for proceedings consistent with this opinion. We further instruct the clerk of this Court to issue the mandate immediately. *Id.*

(Frost, C.J., concurring).

Kem Thompson Frost, Chief Justice, concurring.

Under this court's binding precedent, an appellant need not preserve error to complain on appeal of an injunction-order defect under Texas Rule of Civil Procedure 683. That should change.

### Strong Policy Considerations Underlying the Error–Preservation Rule

The Supreme Court of Texas has recognized the strong policy considerations supporting the preservation-of-error requirement.[1] A timely and specific complaint alerts the trial court and the adversary to the alleged error, giving both an opportunity to fix the problem and thereby avert the need to raise the issue on appeal.[2] Requiring error preservation avoids unfairness, gives deference to the trial court, and encourages the proper administration of justice by having the parties and the trial court focus the issues before they reach the appellate level.[3] In this way, the error-preservation rule fosters efficient resolution of disputes, saves time and money, and conserves judicial resources.[4] Requiring parties to preserve error also discourages "lying behind the log" and other forms of gamesmanship.[5] For these and other reasons, as a general policy matter, Texas appellate courts will not review non-jurisdictional complaints raised for the first time on appeal.[6] Yet, most Texas courts of appeals—including this one—do not apply the error-preservation rule to defects in temporary-injunction orders.

1. *See Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d 314, 317 (Tex.2012) (per curiam).

2. *See id.*

3. *See id.*

4. *See id.*

5. *See id.*

6. *See id.*

## The Injunction–Order Exception

Texas Rule of Civil Procedure 683, which governs the form and scope of injunctions and temporary restraining orders, requires the trial court to set forth the reasons for issuance in the temporary-injunction order.[7] The trial court in today's case failed to do so. The appellant, who stood silent in the trial court, now points to the Rule 683 defect and argues that this court must dissolve the temporary injunction based on this defect.[8] The Supreme Court of Texas has not expressly addressed whether a party must preserve error in the trial court when a temporary-injunction order does not comply with Rule 683. But, nearly three decades ago, this court concluded a party need not preserve error to assert a Rule 683 defect on appeal.[9] Bound by this precedent,[10] the majority can hardly be faulted for not requiring error preservation in today's case.[11]

Yet, the injunction-order exception to the error-preservation requirement itself is an easy target for criticism because it swells the time and expense of litigation for no apparent purpose. The need for change and the split of authority among the intermediate courts of appeals cries out for supreme-court review.

## The Split of Authority in the Courts of Appeals

Of the fourteen intermediate courts of appeals, the Eleventh is the only one that has not addressed the Rule 683 error-preservation issue. Like this court,[12] the First,[13] Second,[14] Fourth,[15] Fifth,[16] Sixth,[17] Eighth,[18] Ninth,[19] Tenth,[20] Twelfth,[21] and Thirteenth[22] hold that a party need not preserve error on a complaint that a temporary-injunction order does not comply with Rule 683. The other two, the Third[23] and the Seventh,[24] though representing the

7.  Tex.R. Civ. P. 683.

8.  *See id.*

9.  *See Higginbotham v. Clues,* 730 S.W.2d 129, 129 (Tex.App.–Houston [14th Dist.] 1987, no writ).

10.  But for the *Higginbotham* precedent, this separate writing would be a dissenting opinion.

11.  Though the majority does not mention that the appellant failed to preserve error on this issue, the majority does not dispute it.

12.  *Higginbotham,* 730 S.W.2d at 129.

13.  *Courtland Place Historical Found. v. Doerner,* 768 S.W.2d 924, 926 (Tex.App.–Houston [1st Dist.] 1989, no writ).

14.  *Big D Props., Inc. v. Foster,* 2 S.W.3d 21, 23 (Tex.App.–Fort Worth 1999, no pet.).

15.  *Hopper v. Safeguard Bus. Sys., Inc.,* 787 S.W.2d 624, 626 (Tex.App.–San Antonio 1990, no writ).

16.  *Bayoud v. Bayoud,* 797 S.W.2d 304, 313 (Tex.App.–Dallas 1990, writ denied).

17.  *360 Degree Commc'ns. Co. v. Grundman,* 937 S.W.2d 574, 575 (Tex.App.–Texarkana 1996, no writ).

18.  *Fasken v. Darby,* 901 S.W.2d 591, 593 (Tex. App.–El Paso 1995, no writ).

19.  *Int'l Bhd. of Elec. Workers Local Union 479 v. Becon Const. Co., Inc.,* 104 S.W.3d 239, 243 (Tex.App.–Beaumont 2003, no pet.).

20.  *Crenshaw v. Chapman,* 814 S.W.2d 400, 402 (Tex.App.–Waco 1991, no writ).

21.  *Evans v. Woods,* 34 S.W.3d 581, 583 (Tex. App.–Tyler 1999, no pet.).

22.  *Mann v. Aguirre,* No. 13–08–746–CV, 2010 WL 337161, at *2 (Tex.App.–Corpus Christi Jan. 28, 2010, no pet.) (mem.op.).

23.  *See Emerson v. Fires Out, Inc.,* 735 S.W.2d 492, 493 (Tex.App.–Austin 1987, no writ).

24.  *Texas Tech Univ. Health Sciences Ctr. v. Rao,* 105 S.W.3d 763, 768 (Tex.App.–Amarillo 2003, pet. dism'd).

minority view, hold the sounder position—that a party must preserve error in the trial court to raise a Rule 683 defect on appeal.

In deciding the issue, virtually all of the courts of appeals rely on the Supreme Court of Texas's decision in *InterFirst Bank San Felipe, N.A. v. Paz Construction Company,* a per curiam opinion in which the high court held that Rule 683's requirements must be followed strictly and that a temporary-injunction order that does not comply is "subject to" being declared void and dissolved.[25] The *InterFirst* court declared the temporary-injunction order before it void and ordered the injunction dissolved.[26] The supreme court revisited the *InterFirst* holding in deciding *Qwest Communications Corporation v. AT & T Corporation.* [27] Noting that Rule 683's requirements are procedural in nature, the supreme court reaffirmed that a temporary-injunction order with a Rule 683 defect is "subject to" being declared void and dissolved.[28] The *Qwest* court also noted that a trial court's failure to comply with Rule 683 does not deprive the appellate court of subject matter jurisdiction over an appeal from the temporary-injunction order.[29]

Notably, in neither *InterFirst* nor *Qwest* did the Supreme Court of Texas say it was addressing the issue of error preservation.[30] Yet, some courts of appeals—including this court—appear to read *InterFirst* as holding that temporary-injunction orders that do not meet Rule 683's requirements are void ab initio and therefore deprive courts of subject-matter jurisdiction.[31] Interestingly, other courts of appeals cite the *InterFirst* case as a reason a party must preserve error, but they do not explain why *InterFirst* mandates that result.[32] In 1987, this court held a party need not preserve error, but did not explain that holding either.[33] The answer to the error-preservation quandary is rooted in the supreme court's characterization and treatment of Rule 683 errors.

### Characterization and Treatment of Rule 683 Errors

By emphasizing that Rule 683 defects are procedural and not jurisdictional, the high court has signaled that complaints based on Rule 683 defects—like nearly every other non-jurisdictional error—must be preserved in the trial court.[34] It would be a blue-moon event for the Supreme Court of Texas to create an exception to the error-preservation requirement for a procedural defect.[35] Although most courts

25. 715 S.W.2d 640, 641 (Tex. 1986) (per curiam).

26. *Id.*

27. *See* 24 S.W.3d 334, 337 (Tex.2000) (per curiam).

28. *Id.*

29. *Id.*

30. *See Qwest Comm. Corp.,* 24 S.W.3d at 337; *InterFirst,* 715 S.W.2d 640–41.

31. *See Helix Energy Sol. Grp., Inc. v. Howard,* 452 S.W.3d 40, 44–45 (Tex.App.–Houston [14th Dist.] 2014, no pet.); *Mann,* 2010 WL

337161, at *2; *Becon,* 104 S.W.3d at 243; *Fasken,* 901 S.W.2d at 593.

32. *Evans,* 34 S.W.3d at 582–83; *Big D Props., Inc.,* 2 S.W.3d at 23.

33. *See Higginbotham,* 730 S.W.2d at 129.

34. *See Qwest Comm. Corp.,* 24 S.W.3d at 337–38.

35. *See Mansions in the Forest, FP. v. Montgomery County,* 365 S.W.3d 314, 316–18 (Tex. 2012) (per curiam) (holding that no exception should be made to the normal preservation-of-error requirements for a complaint that a purported affiant was "no affidavit at all" because the signatory did not swear to the statements in the "affidavit").

of appeals seem to have concluded *Inter-First* holds that temporary-injunction orders that do not meet Rule 683's requirements must be declared void even absent error preservation, the true teaching of *InterFirst* and *Qwest* is that temporary-injunction orders that do not meet Rule 683's requirements are merely voidable.[36] The distinction is critical.

The supreme court did not say that orders not meeting Rule 683's requirements are to be reversed or dissolved.[37] The high court used the phrase "subject to being declared void," rather than stating that defective temporary-injunction orders are void or void ab initio.[38] Most telling is the supreme court's crucial classification of a Rule 683 error as procedural and not jurisdictional.[39]

If the *InterFirst* court instead had characterized the Rule 683 defect as jurisdictional, it would make sense to read *Inter-First* as mandating that a party need not preserve error on the defect.[40] Likewise, if the *InterFirst* court had held the temporary-injunction order were void ab initio and subject to collateral attack, it would make sense to conclude that *InterFirst*

absolves parties from preserving error in the trial court.[41] But, the *InterFirst* court did neither. *InterFirst* tells us that the defect is not jurisdictional and not subject to collateral attack.[42]

The courts of appeals that apply the no-preservation rule have not explained why they believe *InterFirst* mandates the conclusion that parties need not preserve error in the trial court.[43] By contrast, the courts of appeals that have reached the opposite conclusion have given sound reasons for requiring error preservation.

### Rationale for Rejecting the Injunction–Order Exception to the Error–Preservation Rule

When the Third Court of Appeals held that a party seeking to challenge a temporary-injunction order because it did not meet Rule 683's requirements must preserve error to raise that claim on appeal, the court noted that Rule 683 errors are procedural and characterized a Rule 683 error as a defect in the form of the judgment, echoing the supreme court's holdings in *InterFirst* and *Qwest*.[44] The Seventh Court of Appeals embraced the same reasoning.[45] And, both courts pointed to

**36.** *See id.*; *InterFirst*, 715 S.W.2d 640–41. *See also, Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 923 (Tex.2011); *In the Interest of M.L.G.J.*, 14–14–00800–CV, 2015 WL 1402652, at *3 (Tex.App.–Houston [14th Dist.] Mar. 24, 2015, no pet.) (mem.op) (noting errors that make a judgment voidable are subject to waiver and must be preserved).

**37.** *See Qwest Comm. Corp.*, 24 S.W.3d at 337–38; *InterFirst*, 715 S.W.2d 640–41.

**38.** *See Qwest Comm. Corp.*, 24 S.W.3d at 337–38; *InterFirst*, 715 S.W.2d 640–41.

**39.** *See Qwest Comm. Corp.*, 24 S.W.3d at 337–38; *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex.1995) (noting that "mere failure to follow proper procedure will not render a judgment void").

**40.** *See City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex.2013).

**41.** *State ex rel. Latty*, 907 S.W.2d at 485; *Gainous v. Gainous*, 219 S.W.3d 97, 105–06 (Tex. App.–Houston [1st Dist.] 2006, pet. denied).

**42.** *See Qwest Comm. Corp.*, 24 S.W.3d at 337–38; *InterFirst*, 715 S.W.2d 640–41.

**43.** *See e.g. Mann*, 2010 WL 337161, at *2; *Becon*, 104 S.W.3d at 243; *Fasken*, 901 S.W.2d at 593; *Evans*, 34 S.W.3d at 582–83; *Big D Props., Inc.*, 2 S.W.3d at 23.

**44.** *See Emerson*, 735 S.W.2d at 493.

**45.** *See Texas Tech Univ. Health Sciences Ctr.*, 105 S.W.3d at 768.

the core principles underlying the error-preservation requirement.[46]

Texas courts require parties to preserve error for appeal to give the trial court a chance to fix the problem first.[47] Requiring parties to preserve error benefits the judicial process by conserving judicial resources and promoting fairness.[48] Concluding that "principles of sound judicial administration support application of the waiver rule" in this context, the Third Court of Appeals noted that "[i]t serves no good purpose to permit appellants to lie in wait and present this error in form for the first time on appeal."[49] Upon proper request, the trial court easily could resolve the Rule 683 error, making appeal on that point unnecessary.[50] Applying the same rationale, the Seventh Court of Appeals noted that a Rule 683 challenge is a challenge in form and agreed there is no good purpose in allowing a party to wait to present the error for the first time on appeal.[51]

The logic for the error-preservation rule should apply with double force in expedited proceedings. Time constraints are more pressing, appellate resources are often strained, and efficiency is especially important. If courts do not incentivize parties to voice their complaints in the first instance, litigants and crafty lawyers almost certainly will succumb to the temptation to sit on their objections. Instead of viewing a Rule 683 error as a defect to be fixed at the first opportunity, they will view it as appellate insurance, and treat the defect as an ace in the pocket, to be tucked away and played as a trump card on appeal. It is time to declare that game over.

## Conclusion

There is no justification for the Rule 683 exception to the error-preservation requirement. The issue frequently arises in the courts of appeals,[52] yet it is a question that tends to evade high-court review. In the nearly three decades this issue has been percolating, the supreme court has had few chances to resolve the conflict that divides the state's intermediate courts. Texas jurisprudence would benefit from a uniform rule that requires parties to temporary-injunction proceedings to preserve error in the trial court rather than one that permits them to wait until appeal to assert Rule 683 defects. Supreme-court precedent does not mandate absolving parties from error preservation in this context, and there is no good reason to do so.

---

46. *See id.; Emerson,* 735 S.W.2d at 493.

47. *Burbage v. Burbage,* 447 S.W.3d 249, 258 (Tex.2014); *Mansions in the Forest, L.P.,* 365 S.W.3d at 317.

48. *Burbage,* 447 S.W.3d at 258.

49. *Emerson,* 735 S.W.2d at 494.

50. *Id.*

51. *See Texas Tech Univ. Health Sciences Ctr.,* 105 S.W.3d at 768.

52. *See Helix Energy Sol. Grp., Inc.,* 452 S.W.3d at 45–48 & n.10 (Frost, C.J., concurring).