**Reversed and Remanded and Memorandum Opinion filed August 22, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00736-CV

### SUMMERS DRYWALL SERVICES, INC., Appellant

### V.

### ACTION GYPSUM SUPPLY, LP, Appellee

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2018-46653**

## MEMORANDUM OPINION

In this accelerated interlocutory appeal, Summers Drywall Services, Inc. appeals the trial court's order granting a temporary injunction requested by Action Gypsum Supply, LP.[1] Summers argues, among other things, that the temporary injunction must be dissolved because the order does not adequately specify either the reasons for granting the order or the acts to be restrained as required by Texas

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4).

Rule of Civil Procedure 683. We conclude that because the temporary injunction order does not adequately state the reasons for its issuance or the acts to be restrained, it violates Rule 683. We therefore sustain Summers' third issue, hold that the temporary injunction order is void, dissolve it, and remand the case to the trial court. We further direct the clerk of this court to issue the mandate immediately.

## *Background*

Action is a supplier of drywall and other building materials. Summers is a subcontractor who installs such materials. For many years, Summers has utilized Action products in various construction projects. In 2017 and 2018, these projects included several school construction projects for school districts in the Houston area. Summers typically paid Action for materials used on these projects after Summers received payment for the materials from the different general contractors who were in charge of the projects. The general contractors would pay Summers after receiving payment for the materials from the school districts. At some point in 2017 or early 2018, Summers reportedly had funds go missing from its bank account that would have gone toward paying invoices from Action. Fraud by one of Summers' officers or employees was suspected. In July 2018, Action filed suit against Summers alleging nonpayment of invoices from January, February, and March of that year totaling $990,470.81. Action additionally named three general contractors in the lawsuit and asserted that they may possess funds received from the school districts for materials supplied by Action that they had yet to pass on to Summers.

In conjunction with the lawsuit, Action sought a temporary injunction to (1) prevent Summers from using the funds it had received for Action's materials for any purpose other than paying Action and (2) prevent the general contractors

2

from disbursing any additional funds to Summers that were paid by the school districts for materials furnished by Action. Action requested that all such sums be ordered deposited into the trial court's registry.

After an evidentiary hearing, the trial court issued a temporary injunction order. As for why the injunction was required, the order stated, "After consideration of the arguments and briefing of counsel, this Court is of the opinion that unless the Application for Temporary Injunction is granted, [Action] will suffer imminent, irreparable harm for which there is no adequate remedy at law." The order enjoined Summers "from disbursing, using, withholding, or transferring any trust funds received from the owners or general contractors on the construction projects at issue in this lawsuit for the materials furnished by [Action] to anyone other than Action," and it required Summers to deposit any such funds in its possession into the court's registry. The order further enjoined each of the general contractors "from disbursing any additional trust funds to [Summers] relating to materials furnished by [Action] to the construction projects at issue in this lawsuit," and it required the general contractors to deposit any such funds in their possession or that were to come into their possession into the court's registry. The order further required Action to post a bond in the amount of $990,470.81, and it set the case for trial.

## *Discussion*

Although Summers raises three issues on appeal, we need only address the third issue because it is dispositive. In that issue, Summers contends the temporary injunction must be dissolved because the order does not adequately set forth the reasons for its issuance or the acts to be restrained as required by Rule 683 of the Texas Rules of Civil Procedure. We agree.

The purpose of a temporary injunction is to preserve the status quo of a

3

litigation's subject matter pending trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (op. on reh'g). To obtain a temporary injunction, an applicant is not required to establish that it will prevail in a final trial on the merits, but the applicant must plead and prove that it (1) has a cause of action against the opposing party; (2) has a probable right to the relief sought; and (3) faces probable, imminent, and irreparable injury in the interim. *Sharma v. Vinmar Int'l, Ltd.*, 231 S.W.3d 405, 419 (Tex. App.–Houston [14th Dist.] 2007, no pet.) (citing *Butnaru*, 84 S.W.3d at 204). Litigants generally are not entitled to temporary injunctive relief as a matter of right. *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993) (per curiam). The decision to grant or deny such relief instead is committed to the trial court's discretion, and we will uphold its ruling absent a clear abuse of that discretion. *Id*. at 58.

Once a court determines to grant injunctive relief, the order itself must "set forth the reasons for its issuance[,] be specific in terms[, and] describe in reasonable detail and not by reference to the complaint or other documents, the act or acts sought to be restrained." Tex. R. Civ. P. 683. These requirements are mandatory and must be strictly followed. *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986); *Intex Livingspace, Ltd. v. Roset USA Corp.*, No. 14-10-00855-CV, 2011 WL 1466416, at *3 (Tex. App.—Houston [14th Dist.] Apr. 19, 2011, no pet.) (mem. op.). An order that does not comply is subject to being declared void and dissolved. *InterFirst Bank*, 715 S.W.2d at 641; *Intex Livingspace*, 2011 WL 1466416, at *3. The fact that a valid reason for granting relief might appear elsewhere in the record cannot save an order that does not comply with Rule 683. *See Intex Livingspace*, 2011 WL 1466416, at *3 (citing *State v. United Cook, Inc.*, 464 S.W.2d 105 (Tex. 1971)). This is because the very purpose of the Rule 683 requirements is to ensure that a party is adequately

informed of what it is enjoined from doing and why it is so enjoined. *See In re Chaumette*, 456 S.W.3d 299, 305 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

As set forth above, the trial court's order in this case stated as the reason for its issuance "that unless the . . . [i]njunction is granted, [Action] will suffer imminent, irreparable harm for which there is no adequate remedy at law." Courts have repeatedly rejected such conclusory statements as not fulfilling the requirements of Rule 683. *See id.* at 305-06 (collecting cases); *see also AutoNation, Inc. v. Hatfield*, 186 S.W.3d 576, 581 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("Merely stating that a party 'will suffer irreparable harm' or 'has no adequate remedy at law' does not meet the Rule 683 requirement for specificity.").

Additionally, the order identifies the acts sought to be restrained by referencing funds relating to materials furnished by Action to "the construction projects at issue in this lawsuit," but it does not otherwise specify what those construction projects might be. Action suggests that the projects in question could be determined by looking at Action's petition. The order does not go so far as to reference the petition, but even if it had, Rule 683 specifically states that the acts to be restrained must be "describe[d] in reasonable detail and not by reference to the complaint or other documents." There is, essentially, no way to tell from the order itself and without reference to the petition which projects were to have funds deposited into the court's registry. Accordingly, the order did not meet the requirements of Rule 683. *See, e.g., White v. Impact Floors of Tex., LP & IFT, Inc.*, No. 05-18-00384-CV, 2018 WL 6616973, at *2-3 (Tex. App.—Dallas Dec. 18, 2018, no pet.) (mem. op.) (holding order provided inadequate description of acts to be restrained whe it referenced employment agreement for definition of

material that party was enjoined from disclosing); *Sawyers v. Carter*, No. 01-14-00870-CV, 2015 WL 3981313, at *2 (Tex. App.—Houston [14th Dist.] June 30, 2015, no pet.) (mem. op.) (holding order was inadequate when it simply mimicked complaints made in motions and did not specifically set out prohibited acts); *In re Krueger*, No. 03-12-00838-CV, 2013 WL 2157765, at *9 (Tex. App.—Austin May 16, 2013, orig. proceeding) (mem. op.) (holding order was inadequate because it failed to provide a list of specific clients who were not to be contacted).

### *Conclusion*

A trial court abuses its discretion if it issues a temporary injunction order that does not comply with Rule 683. *Hoist Liftruck Mfg., Inc. v. Carruth-Doggett, Inc.*, 485 S.W.3d 120, 123 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Because the trial court's order does not comply with the mandatory requirements of Rule 683, we sustain Summers' third issue, declare the temporary injunction order void, dissolve the injunction, and remand the case to the trial court. *Id.*[2] We further instruct the clerk of this Court to issue the mandate immediately. *Id.*

---

[2] Action suggests without citation or discussion that because the general contractors who were parties below did not join Summers' appeal, we should not declare the portions of the temporary injunction order that pertained to the general contractors to be void. However, a temporary injunction order that fails to meet the Rule 683 requirements is void not merely voidable. *See, e.g., Chaumette*, 456 S.W.3d at 306. A void order has no force or effect, is a mere nullity, and is not susceptible to ratification or confirmation. *See In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding); *In re Bokeloh*, 21 S.W.3d 784, 793 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding). The order in this case uses the same inadequate language as to the imminent and irreparable harm elements in regard to the general contractors as it does Summers.

/s/     Frances Bourliot
Justice

Panel consists of Justices Jewell and Bourliot and Former Justice Michael Massengale, sitting by assignment.