**Affirmed and Memorandum Opinion filed July 27, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00733-CV

---

### PERCY LEE FOREMAN, Appellant

### V.

### LYNDON B. JOHNSON (LBJ) HOSPITAL, HARRIS COUNTY HEALTH SYSTEM, AND HOUSTON POLICE DEPARTMENT, Appellees

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2017-24488**

---

### MEMORANDUM OPINION

Pro se appellant Percy Lee Foreman, an inmate at the W.P. Clements Unit of the Texas Department of Criminal Justice in Amarillo, filed suit against appellees Lyndon B. Johnson (LBJ) Hospital and Harris County Health System (collectively, "HCHD"), as well as the Houston Police Department ("the City").[1] In what we

---

[1] Foreman identified the City in its petition as the "Houston Police Department." However, in its plea to the jurisdiction, the City stated, "The City of Houston, incorrectly identified as the Houston Police Department ('City'), files this Plea to the Jurisdiction." In its

construe as two issues, Foreman argues that the trial court erred by (1) dismissing his case for want of prosecution; and (2) granting appellees' pleas to the jurisdiction. We affirm.

## I. BACKGROUND

On May 24, 2000, Foreman was convicted of sexual assault of a child. *See* Tex. Penal Code Ann. § 22.011(a)(2). Foreman was sentenced to forty years' imprisonment. On March 14, 2017, he filed suit pro se against appellees. In his petition, Foreman raises several complaints regarding the DNA testing of vaginal swabs that resulted in his incarceration.

On July 24, 2018, the City filed a plea to the jurisdiction. The City argued that Foreman failed to establish a valid waiver of the City's governmental immunity. The trial court agreed and granted the City's plea to the jurisdiction on August 6, 2018. On August 12, 2019, HCHD was served with Foreman's petition. HCHD filed its own plea to the jurisdiction on September 4, 2019. Foreman filed a notice of appeal on September 12, 2019. On September 18, 2019, the trial court granted HCHD's plea to the jurisdiction.[2]

---

order granting the plea to the jurisdiction, the trial court refers to this defendant as "the City of Houston." The record does not reflect that any party attempted to correct the style of the case to reflect the correct legal name. Accordingly, we use that party name in our opinion.

Foreman identified HCHD in its petition as "Lyndon B. Johnson (LBJ) Hospital, Harris County Health System." However, in its original answer, HCHD stated that its "correct legal name is Harris County Hospital District d/b/a Harris Health System ('HCHD'). HCHD is a unit of local government of the State of Texas that owns and operates Lyndon B. Johnson Hospital. Lyndon B. Johnson Hospital is a 'non sui juris,' an entity not capable of being sued in its own right." Similar to the City, the record does not reflect that any party attempted to correct the style of the case to reflect the correct legal name.

[2] In his notice of appeal, Foreman does not specify what exactly he is appealing or who is a party to the appeal. Also, Foreman's brief fails to "state concisely all issues or points presented for review." Tex. R. App. P. 38.1(f). In addition to deficiencies of form, Foreman's brief fails to contain any clear and concise arguments to support his contentions and does not include appropriate citations to the record, as required by the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 38.1(i); *Freedonia State Bank v. General Am. Life Ins.*, 881 S.W.2d 279, 284-85

## II. Dismissal for Want of Prosecution

In his first issue, Foreman "appeals the trial court decision to dismissed [sic] for want of prosecution." Foreman asserts that on October 15, 2018, he received a letter stating that his case would be dismissed for want of prosecution on October 28, 2018. However, the record does not contain an order dismissing his suit for want of prosecution. "The burden is on the complaining party to present a sufficient record to the appellate court to show error requiring reversal." *In re C.M.*, 582 S.W.3d 640, 646 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *see Aguero v. Aguero*, 225 S.W.3d 236, 238 (Tex. App.—El Paso 2006, no pet.) ("Because Smith has not presented a record sufficient to show that the trial court ordered contempt without due process in its employer's order to withhold earnings, he has waived this complaint."). Additionally, we note that his case continued forward regardless beyond the October 28 date.

Foreman has not demonstrated that the trial court dismissed his case for want of prosecution. *See In re C.M.*, 582 S.W.3d at 646. We overrule Foreman's first issue.

## III. Plea to the Jurisdiction

### A. Standard of Review & Applicable Law

We review a trial court's ruling on a plea to the jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). When a plea to the jurisdiction challenges jurisdictional facts, we consider the facts

---

(Tex. 1994) (discussing "long-standing rule" that inadequate briefing results in waiver). We nonetheless construe Foreman's brief liberally to reach his appellate issues on the merits, where possible. *See* Tex. R. App. P. 38.9; *Reule v. M & T Mortg.*, 483 S.W.3d 600, 608 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (citing *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)). Despite our liberal reading of his brief, we note that *pro se* litigants such as Foreman are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Reule*, 483 S.W.3d at 608 (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *Brown v. Tex. Emp't Comm'n*, 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied)).

alleged by the plaintiff and, "to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties" to determine whether the plaintiff has affirmatively demonstrated the court's jurisdiction to hear the case. *Tex. Nat. Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex. 2001). The process of deciding whether jurisdictional facts have been affirmatively pleaded is similar to a summary judgment: if the evidence does not raise a genuine issue of fact regarding the jurisdictional issue, then the plea to the jurisdiction should be granted. *See Miranda*, 133 S.W.3d at 228. Thus, to defeat a plea to the jurisdiction, "we simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Id.*

Governmental immunity is a common law doctrine that protects political subdivisions of the State, including counties and cities. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Governmental immunity includes: (1) immunity from suit, and (2) immunity from liability. *City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011). Immunity from suit, which is at issue in the present case, deprives a court of jurisdiction over governmental entities unless immunity has been expressly waived by the Legislature in "clear and unambiguous language." *Univ. of Tex. Med. Branch at Galveston v. York,* 871 S.W.2d 175, 177 (Tex. 1994).

In order to preserve error, "[c]omplaints and argument on appeal must correspond with the complaint made at the trial court level." *Isaacs v. Bishop*, 249 S.W.3d 100, 113 n.13 (Tex. App.—Texarkana 2008, pet. denied); *see* Tex. R. App. P. 33.1. Similarly, to preserve error for appeal, an appellant must "give the trial court a chance to fix the problem first." *Hoist Liftruck Mfg., Inc. v. Carruth-Doggett, Inc.*, 485 S.W.3d 120, 127 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (Frost, C.J., concurring).

4

**B.** **ANALYSIS**

In his petition, Foreman did not identify any legal ground waiving the City's or HCHD's governmental immunity. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Thus, the burden never shifted to HCHD or the City to disprove a waiver of immunity. *See Satterfield & Pontikes Constr., Inc. v. Tex. S. Univ.*, 472 S.W.3d 426, 430 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). For the first time on appeal, Foreman argues that the City's immunity is waived under the Texas Tort Claims Act ("TTCA"). However, Foreman failed to raise this argument in the trial court; therefore, we conclude that Foreman has waived this issue. *See* Tex. R. App. P. 33.1; *Hoist*, 485 S.W.3d at 127; *Isaacs*, 249 S.W.3d at 113 n.13.

Nevertheless, even if Foreman properly raised the TTCA in his petition, the TTCA only provides the following narrow waiver of immunity:

A governmental unit in the state is liable for:

(1)     property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A)     the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B)     the employee would be personally liable to the claimant according to Texas law; and

(2)     personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021. Foreman does not assert that he was injured by the use of motor-driven equipment or a motor vehicle; instead, he

5

argues on appeal that he was injured by the non-use of tangible property by a hospital employee. More specifically, Foreman argues that he was injured through the "non-use [of] medical laboratory equipment which fail to use a woods [sic] lamp or the microscope to see if theres [sic] live sperm." However, the non-use of property does not waive sovereign immunity. *See Tex. Dep't of Crim. Just. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

Furthermore, Foreman complains that the City and HCHD "acted intentionally maliciously [sic]," but the TTCA does not waive immunity for intentional conduct. *See id.* § 101.057(2); *Ethio Exp. Shuttle Serv., Inc. v. City of Houston*, 164 S.W.3d 751, 758 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("The Texas Tort Claims Act does not waive sovereign immunity for intentional torts."); *Lopez v. Serna*, 414 S.W.3d 890, 894 (Tex. App.—San Antonio 2013, no pet.) (observing that inmate's suit for theft against government employees would be barred by sovereign immunity because "[t]here is no waiver of immunity under the Texas Theft Liability Act, and the [TTCA] expressly does not waive immunity for intentional torts"). Therefore, we overrule Foreman's second issue.

## IV. CONCLUSION

We affirm the judgments of the trial court.


/s/    Margaret "Meg" Poissant
       Justice



Panel consists of Justices Jewell, Poissant, and Wilson.