COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| PEBBLE HILLS PLAZA, LTD., | § | No. 08-22-00128-CV |
| Appellant, | § | Appeal from the |
| v. | § | 41st Judicial District Court |
| ASLM, LTD., | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2022DCV1639) |

## **O P I N I O N**

This is an interlocutory appeal from a temporary injunction. Appellant, Pebble Hills Plaza, Ltd. (PHP) raises four issues on appeal. We need only address the first issue because it is dispositive. TEX. R. APP. P. 47.1. In its first issue, PHP contends the temporary injunction must be dissolved because it does not state the reasons for issuance or set a date for trial on the merits. We vacate the trial court's order, dissolve the temporary injunction, and remand the cause to the trial court for further proceedings.

### *Background*

PHP and ASLM Ltd. (ASLM) were once related entities—the history and facts of their relationship are unnecessary to our disposition, so we discuss them only briefly. Of importance here is that the parties dispute the ownership of a parcel of real property located in El Paso County (the Property). From 2003–2016, the original third-party owner of the Property, executed a series

of liens, loans, and notes which she secured through the Property. In 2015, PHP and ASLM, along with other related entities, entered into a set of Separation Agreements to allocate assets between the related entities. As part of the Separation Agreements, the parties also executed a "Mutual Release," releasing individuals and entities from various potential claims.

In 2018, the original third party defaulted on the loans and, acting under the belief it had the superior interest, ASLM and the third party executed a general warranty deed conveying the Property to ASLM in lieu of foreclosure. In 2022, acting under the belief it had a senior interest, PHP attempted to foreclose on the Property. ASLM filed suit below asserting superior title to the Property and seeking a temporary injunction preventing PHP from selling the Property.

The court granted the temporary injunction, and the following is the order in its entirety:

> On June 22, 2022, [Appellee's] application for temporary injunction came on to be heard. After review of the evidence, pleadings and argument of counsel, the court finds injunctions should be issued.
>
> **THEREFORE, IT IS ORDERED** that [Appellant] is prohibited from conducting a foreclosure sale of [the Property], until further order of this Court.
>
> **IT IS FURTHER ORDERED** that [Appellee] is prohibited from selling [the Property], until further order of this Court.
>
> **IT IS FURTHER ORDERED** that the Temporary Injunction is effective immediately without issuance of a writ of injunction, that issuance and service of a writ of injunction are waived, that the bonds currently in place are adequate; and that no additional bond is required.
>
> This order may be appealed under the provisions of Texas Rule of Appellate Procedure 28.1 for appeal of interlocutory orders.

This interlocutory appeal followed.

*Discussion*

In its first issue, PHP contends that the injunction fails to comply with the mandatory requirements of Rule 683 and is void. *See* TEX. R. CIV. P. 683. Temporary injunctions "preserve the status quo of the litigation's subject matter pending a trial on the merits." *Butnaru v. Ford*

2

*Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (op. on reh'g). The trial court has discretion to grant or deny temporary injunctive relief, and a reviewing court will uphold its ruling absent a clear abuse of discretion. *Hoist Liftruck Mfg., Inc. v. Carruth–Doggett, Inc.*, 485 S.W.3d 120, 122 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Although the trial court has discretion to grant temporary injunctive relief, once granted the order must strictly comply with Rule 683. *Id.* (citing *Helix Energy Sols. Grp., Inc. v. Howard*, 452 S.W.3d 40, 44 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Rule 683 provides that every order granting a temporary injunction shall set forth the reasons for its issuance in specific terms and set the cause for trial on the merits. *Id.* These two requirements are mandatory and must be strictly followed. *See InterFirst Bank San Felipe*, *N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986). Temporary injunctions that fail to comply with the requirements of Rule 683 are "subject to being declared void and dissolved." *Id.* "This rule operates to invalidate an injunction even when the complaining party fails to bring the error to the trial court's attention." *Fasken v. Darby*, 901 S.W.2d 591, 593 (Tex. App.—El Paso 1995, no writ).

The injunction here does not comply with Rule 683's mandates because it does not identify any harm ASLM would have suffered had it not been issued, and it does not set a date for trial on the merits. The language of the order prohibits both parties from selling or conducting a foreclosure sale of the Property. It includes no specific reasons why ASLM would have suffered irreparable harm, nor does it contain even conclusory statements regarding harm. *See e.g.*, *Kotz v. Imperial Capital Bank*, 319 S.W.3d 54, 56–57 (Tex. App.—San Antonio 2010, no pet.) (finding conclusory statements or mere recitals of harm are insufficient to satisfy Rule 683). Accordingly, we conclude the trial court abused its discretion by issuing an order that does not comply with Rule 683's mandates.

3

## CONCLUSION

We vacate the order, dissolve the temporary injunction, and remand this cause to the trial court for further proceedings.

SANDEE B. MARION, Chief Justice (Ret.)

February 7, 2023

Before Rodriguez, C.J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)